UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

972 IRREVOCABLE TRUST and
INTERMED GAS PRODUCTS, LLC,

Case No.: 08-CIV-4907 RPP-HP

      **Plaintiffs**

ECF CASE

v.

MICHAEL LAING, ROBERTA PUGLIESE,
LAING HOLDINGS CORPORATION and
INTERACTIVE MEDICAL TECHNOLGIES, CORP.
      **Defendants.**

---

### AFFIDAVIT OF MICHAEL LAING

STATE OF FLORIDA    )
                               )
COUNTY OF PALM BEACH  )

      BEFORE ME, the undersigned authority, personally appeared Michael Laing, who after being duly sworn, states:

    1.    My name is Michael Laing, and I am currently President and the sole shareholder for Laing Holdings Corporation ("LHC"), a Defendant in the above captioned matter. I am also a Defendant, individually, in the above captioned matter. LHC is a managing member of Plaintiff, Intermed Gas Products, LLC.

    2.    I make this affidavit based on personal knowledge.

    4.    I am a resident of the State of Florida and LHC is and always been a Florida corporation with its' principal place of business being located in Palm Beach County Florida.

    3.    I was CEO and a shareholder of a Florida corporation named Intermed Gas Products Corporation. ("IGPC"). IGPC was formed in 1998 and the sole shareholders until 2005 were myself and William Murray ("Murray"), who was also a Director of IGPC. The day to day operations for

IGPC emanated from a warehouse in Pompano Beach, Florida ("the warehouse").

4. Michael Milea, ("Milea") who is currently the managing member of Plaintiff Intermed Gas Products, LLC ("Plaintiff"), either through himself or through an entity that he is a principal of, was a creditor of IGPC prior to forming Plaintiff in 2005 in the State of New York.

5. In 2005, Milea agreed to purchase 25% of the shares of IGPC from myself and Murray in the name of Plaintiff, which Milea was forming for among other things, to purchase said shares.

6. Defendant LHC and a Florida corporation named W. Murray Corporation became members of Plaintiff, along with Martell, LLC, who is its' managing member. The sole shareholder, officer and director of W. Murray Corporation is Murray while Milea is the managing member of Martell, LLC.

7. Through a series of surreptitious actions, Milea essentially changed over the business of IGPC to Plaintiff, while the day to day operations of Plaintiff still stemmed from the warehouse in Florida. In fact, Plaintiff's day to day operations still are run from a warehouse in Pompano Beach, Florida, but not the same physical location as IGPC was utilizing.

8. As to the issues germane to this lawsuit, I believe the following witnesses would provide relevant testimony.

    a. William Murray, former shareholder of IPC and principal of managing member of corporation who is a member of Plaintiff. Mr. Murray is a Florida resident.

    b. Richard Becker, a CPA who was hired by Mr. Milea in 2006 to perform services for Plaintiff. Mr. Becker is a Florida resident.

    c. Richard Drath, a CPA, who will have relevant testimony regarding activity in the New York bank accounts of Plaintiff controlled by Milea. Mr. Drath is a Florida resident.



  d. Denise Lebrech, a bookkeeper, who performed services for IGCP and Plaintiff. Ms. Drath is Florida resident.

  e. Ari Tayken, a CPA, who was not retained by Plaintiff as a result of his hire being vetoed by Milea. Mr. Tayken is a Florida resident.

  f. Roberta Pugliese, a defendant in this case and the principal of Defendant IMT. Ms. Pugliese is a Florida resident.

  g. Michael Milea, managing member of Martell, LLC, who is managing member of Plaintiff. Upon information and belief, Milea is a resident of New York.

  h. Robert Rimberg, Esq., an attorney, who is representing Plaintiff in this matter. Mr. Rimberg, upon information and belief is an investor in Plaintiff through a unknown amount of loan(s) made to Plaintiff and is and has been personally privy to the financial condition of Plaintiff. Mr. Rimberg also coordinated other current investors in Plaintiff. In the year 2007, I personally met with Mr. Rimberg and others on at least four or five occasions to review sales projections, gross sales and amount of inventory required to be ordered. These are among the topics Plaintiff alleges I acted improperly in my capacity for Plaintiff. Upon information and belief, Mr. Rimberg is a resident of New York.

  i. Joe Rubin, Esq, an attorney, who has served as corporate counsel for Plaintiff and whom I have had numerous conversations with regarding same. Upon information and belief, Mr. Rubin is a resident of the New York.

  j. Myself, a Defendant and principal for Defendant LHC, I have knowledge as to a significant portion of the issues central to this lawsuit. Almost all of the actions I have taken on behalf of Plaintiff has occurred in Florida. I am a resident of Florida.

_____
MICHAEL LAING

Sworn to me this
3rd day of June, 2008

_____
Notary Public


DEBORAH POPE
Notary Public, State of Florida
Commission # DD536928
My comm. expires April 4, 2010