Robert L. Rimberg, Esq. (RLR2453)
Joel S. Schneck, Esq. (JSS7019)
GOLDBERG & RIMBERG, PLLC
115 Broadway – 3rd Floor
New York, New York 10006
Phone: (212)697-3250
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

972 IRREVOCABLE TRUST and
INTERMED GAS PRODUCTS, LLC.    Docket No. 1:08-cv-04907-RPP

               Plaintiffs,

  -against-

MICHAEL LAING, ROBERTA A.    **DECLARATION OF**
PUGLIESE, LAING HOLDINGS    **LAURIE MISNER**
CORPORATION and INTERACTIVE
MEDICAL TECHNOLOGIES, CORP.,

               Defendants.
-----------------------------------------------------------X

State of Florida     )
                       )ss.:
County of          )

    LAURIE MISNER, declares under penalties of perjury:

1.    I am the acting President for plaintiff Intermed Gas Products, LLC ("Intermed").

2.    I submit this declaration in support of Plaintiffs' motion seeking orders: (a) pursuant to F.R.C.P.R. 65 (a) and (b) granting a temporary restraining order and preliminary injunction enjoining Michael Laing, Laing Holdings Corporation, Roberta A. Pugliese and Interactive Medical Technologies, Corp. from purchasing, selling, promoting, and/or distributing gas cylinders, valves, regulators, conserving devices, fingertip pulse oximeters and other related devices and from otherwise competing with Intermed Gas Products, LLC's business; and (b)

granting such other and further relief as to this Court seems just and proper.

3. Defendants Michael Laing ("Laing") and Laing Holdings Corporation ("LHC") have been actively soliciting Intermed's clients and customers in an attempt divert business away from Intermed to Interactive Medical Technologies, Corp. ("Interactive"). I have personally been made aware of at least three instances in which Laing has solicited Intermed's clients.

4. Laing called Jim Arnot at Ameritanx, a client of Intermed shortly after Intermed terminated Laing and LHC. An employee of Intermed called Jim Arnot during the regular course of business, and Arnot informed him he had just spoke to Laing on the telephone. Arnot did not discuss the subject of the conversation.

5. I have spoken with Joe Boettner, a client, who informed me that Michael Laing calls him on the telephone almost every day to try to sell Joe aluminum cylinders.

6. An employee of Intermed spoke with Jen Garrelts at Catalina, a prospective client of Intermed. Jen Garrelts said that Laing had left a message for both her and Jeff Cunningham, president of Catalina.

7. Laing has also spoken to Andrea Morgan of Morgan and Associatesm, a sales rep firm that works for Intermed, approximately one week after Intermed terminated Laing and LHC, and was trying to sell them pulse oximeters, a product sold by Intermed.

8. By continuing to compete with Intermed, LHC and Laing will cause irreparable damage Intermed.

9. Laing has injured Intermed's public reputation. The day after Laing and LHC were terminated, approximately $9,000.00 was removed from Intermed's bank account via Laing's online access. Intermed was unaware of the missing funds, and checks were returned as insufficient funds as a result.

WHEREFORE, it is respectfully requested that the Court grant plaintiffs' order to show cause in its entirety.

_____
Laurie Misner

Sworn to before me this
31 day of May, 2008

_____
Notary Public

MALISSA BREIGHNER
Notary Public, State of Florida
Commission# DD 548118
My comm. expires May 3, 2010