UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

972 IRREVOCABLE TRUST and
INTERMED GAS PRODUCTS, LLC,

        Plaintiffs

v.

MICHAEL LAING, ROBERTA PUGLIESE,
LAING HOLDINGS CORPORATION and
INTERACTIVE MEDICAL TECHNOLGIES, CORP.
        Defendants.

Case No.:  08-CIV-04907 RPP-HP
ECF CASE

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION TO DISQUALIFY ROBERT L. RIMBERG, ESQ. AND GOLDBERG & RIMBERG, PLLC AS COUNSEL FOR PLAINTIFFS'

Defendants, MICHAEL LAING (hereinafter referred to as "LAING"), ROBERTA PUGLIESE (hereinafter referred to as "PUGLIESE"), LAING HOLDINGS CORPORATION (hereinafter referred to as "LHC"), INTERACTIVE MEDICAL TECHNOLGOIES, CORP. (hereinafter referred to as "IMT")(collectively hereinafter referred to as "Defendants"), by and through their undersigned counsel, serve their Memorandum of Law in Support of Their Motion to Disqualify Robert L. Rimberg, Esq. ("Rimberg") & Goldberg & Rimberg, PLLC ("the firm") as Counsel for Plaintiffs and states as follows:

### I. INTRODUCTION

Defendant Laing is the current President and the sole shareholder for Laing Holdings Corporation ("LHC"), also a Defendant in the above captioned matter. (See Laing Affidavit attached hereto, "Laing Aff.") LHC is a managing member of Plaintiff, Intermed Gas Products, LLC (See "Laing Aff.").

Rimberg, an attorney, who is representing Plaintiffs in this matter. Rimberg, upon

information and belief is an investor in Plaintiff through an unknown amount of a loan(s) made to Plaintiff and is and has been personally privy to the financial condition of Plaintiff. (See "Laing Aff.") Upon information and belief, Rimberg also coordinated other current investors in Plaintiff. (See "Laing Aff") In the year 2007, Laing personally met with Rimberg and others on at least four or five occasions in to review sales projections, gross sales and the amount of inventory required to be ordered. (See "Laing Aff.") These are among the topics Plaintiff alleges Laing acted improperly in his capacity capacity for Plaintiff. (See "Laing Aff." & Plaintiffs' Complaint, par. 54. through 64, par. 122-133)

## II. LEGAL STANDARD FOR DETERMINING DISQUALIFICATION MOTION

In determining motions to disqualify counsel, courts within the Second Circuit look to the *New York Lawyers' Code of Professional Responsibility ("CPR"). See Local Rule 1.5(b)(5), Local Rules of Southern and Eastern Districts of New York; Polycast Tech. Corp. v. Uniroyal, Inc., 129 F.R.D. 621, 625 (S.D.N.Y.), aff'd, 1990 WL 180566 (S.D.N.Y. Nov. 14, 1990); S&S Hotel Ventures Ltd. V. 777 S.H. Corp. 69 N.Y.2d 437, 515 N.Y.S.2d 735, 738 (1987)*. "Whether to disqualify counsel is a matter subject to the trial court's sound discretion." *Blue Cross & Blue Shiled v. Phollip Morris, Inc., 53 F.Supp. 2d 338, 342 (E.D.N.Y. 1999)* (citations omitted). Any doubts should be resolved in favor of disqualification. *See Felix v. Balkin, F.Supp.2d 260, 267 (S.DN.Y. 1999)*.

Pursuant to the conflict of interest rule set forth in *DR 5-101* and the "advocate-witness rule" set forth in *5-102 (A) and (B)*, both Rimberg and the firm should be disqualified from representing Plaintiffs' in this action.

### III. RIMBERG AND/OR GOLDBERG & RIMBERG, PLLC SHOULD BE DISQUALIFIED UNDER DR 5-102

The "advocate-witness rule codified in *DR 5-102(A)*, "recogniz[es] that the roles of an advocate and of a witness are inconsistent, and that it is ....unseemly for a lawyer in a trial also to argue his own credibility as a witness." *S&S Hotel Ventures, 69 N.Y.2d at 444, 515 N.Y.S.2d at 739. See also Fulfree v. Manchester, 945 F.Supp. 768, 770* (S.D.N.Y. 1996) ("from a public image perspective, the roles of an advocate and a witness are inconsistent because the public might think that the lawyer is distorting the truth for the sake of the client") (citation omitted).

*DR 5-102(A)* provides that "a lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues before the tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client... In this case, Plaintiffs' make allegations that Laing and/or LHC mismanaged the Plaintiffs. Among other things, central to Plaintiffs' allegations are that Laing and/or LHC overstated sales projections and that he purchased too much inventory. (See Plaintiffs' Complaint, paragraphs 54. through 64, paragraphs 122. through 133). As Rimberg was privy to many of the issues central to these allegations, it is obvious he will be called as a witness in this case.

Courts overwhelmingly disqualify attorneys with similar involvement to that of Rimberg's. *See Gleason v. Zocco. 941 F. Supp. 32, 35-36 (S.D.N.Y. 1996)* (fact that attorney was necessary witness and had "extensive personal involvement in every aspect of the underlying controversies that led to this lawsuit" required disqualification; *Hakimian Management Corp. v. Richard C. Fiore, Inc. 16 Misc. 3d 1108(A), at *9, 2007 WL 2003759 (N.Y. Sup. Ct. N.Y. Co. July 9, 2007)* (Plaintiff's counsel "ought" to be called as witness where "he is the most

knowledgeable individual concerning the [underlying transaction] despite the fact that other persons...are also knowledgeable about this matter"); *Wensley and Partners, LLC v. Polimeni, 262 A.D.2d 311, 311, 692 N.Y.S.2d 85 (2nd Dep't 1999)* (attorney with material knowledge about underlying negotiations disqualified). Based on the above legal authority, Rimberg, too, should be disqualified from representing Plaintiffs' in this action.

The firm should be disqualified from representing Plaintiffs' as well. *DR 5-102(B)* provides that "neither a lawyer nor the lawyer's law firm shall accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or another lawyer in the lawyer's firm may be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony would or might be prejudicial to the client.

In deciding whether an entire firm should be disqualified, a court should examine "the significance of the matters, weight of the testimony, and availability of other evidence." *Sokolow, Dunaud, Mercedier & Carreras, LLP v. Lacher, 299 A.D.2d 64, 75, 747 N.Y.S.2d 441, 449 (1st Dep't 2002), citing S&S Hotel Ventures, 69 N.Y.2d at 441, 446, 515 N.Y.S.2d at 739-40*. Testimony is "prejudicial" if it is "sufficiently adverse to the factual assertions...offered on behalf of the client, such that the bar or client might have an interest in the lawyer's independence in discrediting that testimony." *Parke-Hayden, Inc. v. Loews Theatre Mgmt. Corp., 794 F.Supp. 525, 527 (S.D.N.Y. 1992)*. Here, Rimberg will potentially testify about the central allegations in the case and, as direct participant in the underlying events, his testimony will be given great weight. It is clear that the allegations regarding overstated sales projections and the issues related to inventory purchases stemmed from Rimberg's personal involvement in Plaintiffs' affairs and his meetings with Laing.

Rimberg's potential testimony is also liable to be "prejudicial," as that term is understood

for purposes of *DR 5-102(B)*. Under this DR, "prejudicial" testimony includes not only testimony that is directly "adverse," but also testimony that is seemingly favorable but that is belied by other evidence in the record, such that the attorney's credibility itself becomes an issue in the case, see *United States v. Wallert, 733 F.Supp. 570, 572-73 (E.D.N.Y. 1990); Fulfree v. Manchester, 945 F.Supp. 768, 772 (S.D.N.Y. 1996)* ("Clearly, Mr. Fulfree's success or lack thereof as a witness may affect his success as a lawyer and vice versa.") It is respectfully submitted that there will be a significant amount of testimony offered in direct contradiction to the allegations regarding Laing's overstated sales projections and issues related to required inventory purchases. Clearly, Rimberg's credibility itself can potentially become an issue in this case. Accordingly, the firm should be disqualified from representing Plaintiffs' as well.

## IV. RIMBERG AND/OR GOLDBERG & RIMBERG, PLLC SHOULD BE DISQUALIFIED UNDER DR 5-101

*Disciplinary Rule 5-101* provides that "a lawyer shall not accept or continue employment if the exercise of professional judgment on behalf of the client will be reasonably affected by the lawyer's own financial, business, property, or personal interests, unless a disinterested lawyer would believe that the representation of the client will not be adversely affected thereby and the client consents to the representation after full disclosure of the implications of the lawyer's interest. Rimberg's role as an investor in "the Company" and as a partner in Goldbeg & Rimberg, PLLC constitutes a "financial, business, property, or personal interest" that will or may affect the exercise of professional judgment on behalf of Plaintiffs. Depending on the stage of the case, the interests of Rimberg and by extension, the firm may not be wholly aligned with Plaintiffs. Accordingly, Rimberg and the firm should be disqualified on this basis as well.

Dated June 3rd, 2008

s/ Jeffrey M. Glotzer
Jeffrey M. Glotzer (Attorney Bar Code # JG2620)

Email: Jeff@jeffglotzerlaw.com
JEFFREY M. GLOTZER, P.A.
6111 Broken Sound Pkwy, NW, Suite 330
Boca Raton, Florida 33487
Telephone :   (561)443-1994
Facsimile:    (561)431-3104
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

972 IRREVOCABLE TRUST and
INTERMED GAS PRODUCTS, LLC,                    Case No.: 08-CIV-4907 RPP-HP

        Plaintiffs                                ECF CASE
v.

MICHAEL LAING, ROBERTA PUGLIESE,
LAING HOLDINGS CORPORATION and
INTERACTIVE MEDICAL TECHNOLGIES, CORP.
        Defendants.

---

### AFFIDAVIT OF MICHAEL LAING

STATE OF FLORIDA       )
                              )
COUNTY OF PALM BEACH )

    BEFORE ME, the undersigned authority, personally appeared Michael Laing, who after being duly sworn, states:

    1.    My name is Michael Laing, and I am currently President and the sole shareholder for Laing Holdings Corporation ("LHC"), a Defendant in the above captioned matter. I am also a Defendant, individually, in the above captioned matter. LHC is a managing member of Plaintiff, Intermed Gas Products, LLC.

    2.    I make this affidavit based on personal knowledge.

    4.    I am a resident of the State of Florida and LHC is and always been a Florida corporation with its' principal place of business being located in Palm Beach County Florida.

    3.    I was CEO and a shareholder of a Florida corporation named Intermed Gas Products Corporation. ("IGPC"). IGPC was formed in 1998 and the sole shareholders until 2005 were myself and William Murray ("Murray"), who was also a Director of IGPC. The day to day operations for



IGPC emanated from a warehouse in Pompano Beach, Florida ("the warehouse").

4. Michael Milea, ("Milea") who is currently the managing member of Plaintiff Intermed Gas Products, LLC ("Plaintiff"), either through himself or through an entity that he is a principal of, was a creditor of IGPC prior to forming Plaintiff in 2005 in the State of New York.

5. In 2005, Milea agreed to purchase 25% of the shares of IGPC from myself and Murray in the name of Plaintiff, which Milea was forming for among other things, to purchase said shares.

6. Defendant LHC and a Florida corporation named W. Murray Corporation became members of Plaintiff, along with Martell, LLC, who is its' managing member. The sole shareholder, officer and director of W. Murray Corporation is Murray while Milea is the managing member of Martell, LLC.

7. Through a series of surreptitious actions, Milea essentially changed over the business of IGPC to Plaintiff, while the day to day operations of Plaintiff still stemmed from the warehouse in Florida. In fact, Plaintiff's day to day operations still are run from a warehouse in Pompano Beach, Florida, but not the same physical location as IGPC was utilizing.

8. As to the issues germane to this lawsuit, I believe the following witnesses would provide relevant testimony.

   a. William Murray, former shareholder of IPC and principal of managing member of corporation who is a member of Plaintiff. Mr. Murray is a Florida resident.

   b. Richard Becker, a CPA who was hired by Mr. Milea in 2006 to perform services for Plaintiff. Mr. Becker is a Florida resident.

   c. Richard Drath, a CPA, who will have relevant testimony regarding activity in the New York bank accounts of Plaintiff controlled by Milea. Mr. Drath is a Florida resident.



   d. Denise Lebrech, a bookkeeper, who performed services for IGCP and Plaintiff. Ms. Drath is Florida resident.

   e. Ari Tayken, a CPA, who was not retained by Plaintiff as a result of his hire being vetoed by Milea. Mr. Tayken is a Florida resident.

   f. Roberta Pugliese, a defendant in this case and the principal of Defendant IMT. Ms. Pugliese is a Florida resident.

   g. Michael Milea, managing member of Martell, LLC, who is managing member of Plaintiff. Upon information and belief, Milea is a resident of New York.

   h. Robert Rimberg, Esq., an attorney, who is representing Plaintiff in this matter. Mr. Rimberg, upon information and belief is an investor in Plaintiff through a unknown amount of loan(s) made to Plaintiff and is and has been personally privy to the financial condition of Plaintiff. Mr. Rimberg also coordinated other current investors in Plaintiff. In the year 2007, I personally met with Mr. Rimberg and others on at least four or five occasions to review sales projections, gross sales and amount of inventory required to be ordered. These are among the topics Plaintiff alleges I acted improperly in my capacity for Plaintiff. Upon information and belief, Mr. Rimberg is a resident of New York.

   i. Joe Rubin, Esq, an attorney, who has served as corporate counsel for Plaintiff and whom I have had numerous conversations with regarding same. Upon information and belief, Mr. Rubin is a resident of the New York.

   j. Myself, a Defendant and principal for Defendant LHC, I have knowledge as to a significant portion of the issues central to this lawsuit. Almost all of the actions I have taken on behalf of Plaintiff has occurred in Florida. I am a resident of Florida.

_____
MICHAEL LAING

Sworn to me this
3rd day of June, 2008

_____
Notary Public


DEBORAH POPE
Notary Public, State of Florida
Commission# DD536928
My comm. expires April 4, 2010