Robert L. Rimberg, Esq. (RLR2453)
Joel S. Schneck, Esq. (JSS7019)
GOLDBERG & RIMBERG, PLLC
115 Broadway – 3rd Floor
New York, New York 10006
Phone: (212)697-3250
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

972 IRREVOCABLE TRUST and
INTERMED GAS PRODUCTS, LLC.

               Plaintiffs,

       -against-

MICHAEL LAING, ROBERTA A.
PUGLIESE, LAING HOLDINGS
CORPORATION and INTERACTIVE
MEDICAL TECHNOLOGIES, CORP.,

               Defendants.

------------------------------------------------------X

**AMENDED**
**COMPLAINT**

Docket No.  1:08-cv-04907-RPP

Jury Trial Demanded

       Plaintiffs, 972 Irrevocable Trust and Intermed Gas Products, LLC, as and for their complaint against the defendants, Michael Laing, Roberta Pugliese, Laing Holdings Corporation and Interactive Medical Technologies, Corp (referred to as the "Defendants") allege as follows:

## PARTIES

      1.    Plaintiff  972 Irrevocable Trust [hereinafter "Trust" or "the Trust"] is an irrevocable trust organized under the laws of the Lichtenstein.

      2.    Plaintiff Intermed Gas Products, LLC [hereinafter "Intermed" or the "Company"] is a New York limited liability company.

1

3.      Upon information and belief, defendant Michael Laing [hereinafter "Laing"] is resident of the State of Florida and regularly and systematically transacts business in the State of New York.

4.      Upon information and belief, defendant Roberta Pugliese [hereinafter "Pugliese"] is a resident of the State of Florida.

5.      Upon information and belief, defendant Laing Holdings Corporation [hereinafter "LHC"] is a Florida corporation.

6.      Upon information and belief, defendant Interactive Medical Technologies, Corp. [hereinafter "Interactive"] is a Florida corporation.


## NATURE OF ACTION

7.      This is an action for breach of contract, breach of fiduciary duty, for an accounting, conversion, wasting corporation opportunity, intentional interference with business relationships, negligence, civil conspiracy, fraud, unfair competition and for a permanent injunction arising out of Defendants' unlawful operation of business in violation of express agreements and Defendants' malfeasance as an officer and member of Intermed.


## JURISDICTION AND VENUE

8.      Defendants are subject to Defendants are subject to long-arm jurisdiction because they committed a tortious act outside of New York which caused an injury within New York and/or they should expect or should reasonably expect the act to have consequences in the state. In addition, Defendants have derived substantial revenue with from interstate or international commerce, and are otherwise subject to the jurisdiction of the Court. Defendants have a

presence or engage in the solicitation of business in the State of New York, derive substantial revenue from the promotion of services in the State of New York and/or have committed acts causing injury to Plaintiff within the State of New York. Defendants' acts confer in personam jurisdiction over them. In addition, jurisdiction is proper pursuant to an agreement to which Laing and LHC are parties with Pugliese and Interactive as their alter egos and/or nominees.

9.      Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1332 and 1367(a). Plaintiff Intermed is a New York corporation and Plaintiff Trust is an irrevocable trust organized under the laws of Lichtenstein. Defendants reside and/or are corporations organized in Florida.

10.     Venue is proper in this Court pursuant to agreement and/or conspiracy to commit tort subject to this Court's jurisdiction under 28 U.S.C. §1367(a).

## BACKGROUND

11.     Intermed, a New York limited liability company, filed Articles of Organization with the State of New York on November 30, 2005.

12.     The Trust is the majority member of Intermed.

13.     Intermed executed an Operating Agreement on November 30, 2005 [hereinafter the "2005 Operating Agreement."

14.     The Members of Intermed Gas Products, LLC in the 2005 Operating Agreement were Martell, LLC [hereinafter "Martell"]; LHC; and W. Murray Corporation.

15.     The 2005 Operating Agreement listed the membership interest of the members.

16.     The 2005 Operating Agreement recorded that Martell had a 1% membership

3

interest in Intermed.

17.    The 2005 Operating Agreement recorded that LHC had a 49.5% membership interest in Intermed.

18.    The 2005 Operating Agreement recorded that W. Murray Corporation had a 49.5% membership interest in Intermed.

19.    On February 23, 2006, an Amended and Restated Operating Agreement [hereinafter the "Operating Agreement"] for Intermed Gas Products, LLC. was executed as between Martell, LHC, and W. Murray Corporation.

20.    On June 28, 2007, a Forbearance Agreement was executed by and between Intermed, LHC, Michael Laing individually, and Martell.

21.    The Forbearance Agreement transferred Martell's entire membership interest in Intermed to Plaintiff 972 Irrevocable Trust [hereinafter the "Trust"].

22.    As a result of the Forbearance Agreement, Martell withdrew as a Member of Intermed.

23.    Under the terms of the Forbearance Agreement, the Trust has been substituted as a Member and assumes all of the rights and benefits of Martell under the Operating Agreement.

24.    At the time of the Forbearance Agreement, Intermed, LHC and Michael Laing were in default of their agreements with respect to existing agreements with Martell.

25.    The Forbearance Agreement was intended to induce Martell to forbear from taking immediate action against Intermed, LHC and Michael Laing on account of said defaults.

26.    As a result of the Forbearance Agreement, the membership interests in Intermed changed.

4

27.     As a result of the Forbearance agreement, Laing's individual membership interest in Intermed as of May 31, 2007 is 32.5%.

28.     As a result of the Forbearance agreement, 972 Irrevocable Trust's membership interest in Intermed as of May 31, 2007 is 57.5%.

29.     As a result of the Forbearance agreement, the membership interest in Intermed as of May 31, 2007 of "MERLIN" is 10%.

**Michael Laing**

30.     Defendant Laing is, and at all relevant times was, the President of LHC.

31.     Laing was a consultant to Intermed from on or about December 1, 2005 until April 9, 2008.

32.     LHC was a consultant to Intermed from on or about December 1, 2005 until April 9, 2008.

33.     Laing and LHC were terminated due to conduct damaging Intermed, breach of fiduciary duty, breach of contract, diversion of corporate opportunity, conversion, embezzlement and negligence.

34.     Defendants Pugliese and Interactive are alter egos and/or nominees of Laing and LHC in conducting business.

**Intermed Gas Products, LLC.**

35.     The business of Intermed is to arrange for the manufacture, purchase and sale of gas cylinders, valves, regulators, conserving devices and other related devices from suppliers and

5

resell them to third parties. Intermed sells, among other things, fingertip pulse oximeters which are used to indirectly measure a patient's blood's oxygen saturation.

36.     Many of the products sold by Intermed are manufactured overseas and then sold domestically to companies in the healthcare area.

## Agreements

37.     Laing and LHC consented individually to devote his "full time and attention to the business of the Company" in ¶4.4 of the 2005 Operating Agreement and the (amended) Operating Agreement.

38.     Laing and LHC consented in the 2005 Operating Agreement individually not to "directly or indirectly, engage or invest in, own, manage, operate, finance, control, or participate in the ownership management, operation, financing, or control of, be employed by, associated with, or in any manner connected with, lend [his] name or any similar name to, lend their credit to, or render service or advice to, any business whose products, product development, sales, services or other activities of or offered by Company..."

39.     Defendant LHC consented on behalf of Michael Laing individually and on its own accord as a corporation in ¶4.5 of the (amended) Operating Agreement not to engage "in any transaction competitive with the business of the Company."

## Competing Ventures

40.     Upon information and belief, Defendant Pugliese is the girlfriend and intimate companion of Defendant Laing and is the principal of Interactive, a Florida Corporation. Upon

6

information and belief, Defendant Pugliese is a licensed real estate broker and does not have any experience in Intermed and/or Interactive's industry.

41.     Upon information and belief, Interactive is a competitor to Intermed, buying and reselling similar merchandise as Intermed.

42.     Upon information and belief, the primary business of Interactive is, among other things, to arrange for the manufacture, purchase and sale of fingertip pulse oximeters, gas cylinders, valves, regulators, conserving devices and other related devices from suppliers and resell them to third parties.

43.     Pugliese is a nominee and/or alter ego for Laing and/or LHC doing business as Interactive in an attempt to prevent Plaintiffs from finding out that they are competing with them.

44.     Laing and/or LHC operated and/or managed Interactive during the time that he was employed by the Intermed in violation of agreement.

45.     Laing and/or LHC have and continue to, among other things, provide names and contact information of Intermed's clients and provide names and contact numbers of Intermed's suppliers and vendors to Pugliese and/or Interactive in violation of agreement.

46.     Defendants have usurped corporate opportunities that would otherwise have been available to Intermed in violation of agreement.

47.     Laing and LHC were compensated and/or otherwise received benefit for their efforts and assistance to Interactive in violation of agreement.

48.     Upon information and belief, Laing has admitted instances where Intermed had a business opportunity but he decided to give the opportunity to Interactive.

## Missing Funds and Inventory

49.    Intermed maintains at least one bank account at Bank of America.

50.    On or about April 9, 2008, Laing and LHC's employment with Intermed was terminated.

51.    On or about April 9, 2008, $9,000.00 was transferred from Intermed's bank account at Bank of America into an account controlled by Laing and/or LHC.  The account to which the monies were transferred is not under the control and/or ownership of Intermed.

52.    Upon information and belief, the funds were transferred by Laing and/or LHC.

53.    Said transfer was not authorized by Intermed.

54.    As a result of such transfers, checks written by Intermed were returned for insufficient funds.

55.    There have been other transfers of funds from bank accounts belonging to Intermed.

56.    Upon information and belief, Laing and/or LHC transferred funds prior to April 9, 2008 into accounts under Laing and/or LHC's control, and such accounts were not under the control and/or ownership of Intermed.

57.    Upon information and belief, inventory was wrongfully taken by Laing.

58.    Such inventory is represented by a physical adjustment recorded by Intermed in November 2006 in the amount of $260,000.

## Mismanagement of Intermed

59.    Laing and LHC have failed to file tax returns for Intermed for the years 2006 and

2007.

60.    Laing and LHC failed to issue IRS Form 1099's on behalf of Intermed during the years 2006-2007.

61.    Laing and LHC allowed receivables to be paid late causing Intermed not to generate enough cash for day to day operations.

62.    Throughout his employment with Intermed, Laing kept inaccurate records of inventory and Intermed's finances.

63.    Throughout his employment with Intermed, Laing's monthly and annual sales projections were often grossly misstated.

64.    Said sales projections were required to plan for Intermed's: future, finances and day to day operations.

65.    Throughout his association with Intermed, Laing often misstated his own sales projections by as much as fifty percent (50%).

66.    Laing often purchased the wrong items for inventory.

67.    Laing often purchased too much inventory.

68.    On other occasions Laing purchased far too little inventory.

69.    Laing often purchased inventory too late.

70.    Upon information and belief, following Laing and LHC's termination, Laing has contacted Intermed's current customers, potential customers and/or suppliers, all from information obtained while employed by Intermed.

71.    Upon information and belief, said communications were made after Laing and LHC termination on April 9, 2008.

72.    Upon information and belief, the purpose of such communications was and is to divert business to Laing, LHC and/or Interactive.

73.    Laing has taken property belonging to Intermed for use by parties other than Intermed, including, but not limited to, Interactive and Pugliese. Such property includes customer files and documents belonging to Intermed. Such property contains confidential information, proprietary secrets and/or trade secrets.

74.    Upon information and belief, Laing has utilized Intermed's resources and proprietary secrets to conduct business for Interactive.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## ALL DEFENDANTS

### (Breach of Contract)

75.    Plaintiff repeats and realleges paragraphs 1-74 above, inclusive, as if fully set forth herein.

76.    Defendant Laing is personally obligated under paragraph 4.4 of the Operating Agreement to devote his full time and attention to the business of Intermed.

77.    Defendant LHC is obligated under paragraph 4.4 of the Operating Agreement to devote its full time and attention to the business of Intermed.

78.    Defendants Laing and LHC did not and do not devote their full time and attention to the business of Intermed.

79.    Defendants Laing and LHC operated and managed a competing business instead of devoting time to Intermed.

80.    Laing and LHC are intentionally violating paragraph 4.4 of the Operating

10

Agreement by means of their past and continuous role in the operation and management of Interactive.

81.    Pugliese and Interactive are acting as Laing and/or LHC's nominee and/or alter ego in furtherance of Laing and LHC's intentional violation of paragraph 4.4 of the Operating Agreement.

82.    As a result of the foregoing, Plaintiff has been injured by Laing and LHC's failure to abide by the terms of the Operating Agreement and have been deprived of the benefit of the Operating Agreement.

83.    As a result of Laing's breach of contract, Plaintiffs have been damaged in an amount to be determined at trial but in no event less than $2,000,000.00 together with interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Contract)

84.    Plaintiff repeats and realleges paragraphs 1-83 above, inclusive, as if fully set forth herein.

85.    Defendants Laing and LHC were each prohibited under paragraph 4.5 of the Operating Agreement from engaging in any transaction competitive with the business of Intermed, directly or indirectly,[1] and more specifically not to "engage or invest in, own, manage, operate, finance, control, or participate in the ownership, management, operation, financing, or control of, be employed by, associated with… any business whose product, products

---

[1] That would mean that Pugliese and Interactive, as nominees and/or alter egos, are directly violating the agreement.

11

development, sales, services or other activities compete in any respect with the products, product development, sales, services or other activities of or offered by the Company" anywhere in the world while LHC is a Member of Intermed or for a five (5) year period thereafter.

86.    Laing and LHC work in conjunction with, operate and/or manage Interactive.

87.    Interactive was, and continues to be, a competing business to Intermed.

88.    Laing and LHC are violating paragraph 4.5 by way of their past and continuous support and association in operating and/or managing Interactive.

89.    Pugliese and Interactive are acting as Laing and/or LHC's nominee and/or alter ego in furtherance of Laing and LHC's intentional violation of paragraph 4.5 of the Operating Agreement.

90.    As a result of the foregoing, Plaintiff has been injured by Laing and LHC's failure to abide by the terms of the Operating Agreement and have been deprived of the benefit of the Operating Agreement.

91.    As a result of Laing's and LHC breach of contract, Plaintiffs have been damaged in an amount to be determined at trial but in no event less than $2,000,000.00 together with interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT MICHAEL LAING AND LAING HOLDINGS

### (Breach of Fiduciary Duty)

92.    Plaintiff repeats and realleges paragraphs 1-91 above, inclusive, as if fully set forth herein.

93.    During his employment Defendant Michael Laing and LHC had a fiduciary duty

12

to Intermed.

94.     Laing and LHC did not exert their best efforts on behalf of Intermed.

95.     Laing and LHC assisted another corporation acting as his alter ego in competing with Intermed and profited at its expense.

96.     Laing and LHC placed their private interests in conflict with the interests of Intermed by transferring funds into his own bank accounts and wrongfully taking inventory from Intermed for the benefit of Interactive, a company from which he was compensated.

97.     Laing and LHC took Intermed's customer files for competitive use and utilized Intermed's time, facilities and proprietary secrets to further such use.

98.     Laing and LHC have usurped corporate opportunities on behalf of co-defendants Pugliese and Interactive.

99.     As a result of the foregoing, Plaintiff has been injured by Laing and LHC's breach of fiduciary duty to Intermed.

100.    As a result of Laing and LHCs breach of fiduciary duty, Plaintiffs have been damaged in an amount to be determined at trial but in no event less than$2,500,000.00 together with interest thereon.


## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT MICHAEL LAING AND LAING HOLDINGS

### (Accounting)

101.    Plaintiff repeats and realleges paragraphs 1-100 above, inclusive, as if fully set forth herein.

102.    Defendants Laing and LHC have retained and/or caused to be diverted to himself

sums of money properly belonging to Intermed, the amount of which is unknown at this time to the plaintiff.

103.    Plaintiff seeks an accounting in order for it to identify, quantify and recover any and all money that has been wrongfully retained or diverted by Laing and belonging to Intermed.

104.    Defendant has failed to account for any missing monies that he has been asked about by Plaintiff and/or its agents.

105.    Plaintiff has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT MICHAEL LAING AND LAING HOLDINGS

### (Conversion)

106.    Plaintiff repeats and realleges paragraphs 1-105 above, inclusive, as if fully set forth herein.

107.    Laing and LHC have exercised dominion and/or control over customer files and documents belonging to Intermed which interferes with Intermed's rights.

108.    The customer files and/or documents contain proprietary information, are confidential and/or contain trade secrets.

109.    Laing and LHC have exercised dominion and/or control over Intermed's inventory which interferes with Intermed's rights.

110.    Laing and LHC have converted business opportunities belonging to Intermed while a Member of Intermed.

111.    Laing and LHC continue to convert business opportunities belonging to Intermed while a Member of Intermed.

14

112.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial but in no event less than$3,000,000.00 together with interest thereon.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT MICHAEL LAING AND LAING HOLDINGS

#### (Conversion)

113.    Plaintiff repeats and realleges paragraphs 1-112 above, inclusive, as if fully set forth herein.

114.    Laing and LHC were entrusted by Intermed to hold monies on behalf of Intermed.

115.    On or about April 9, 2008, Laing and LHC were terminated by Intermed.

116.    On or about April 9, 2008, Laing and/or LHC transferred $9,000.00 from bank accounts owned by Intermed.

117.    Laing and LHC have exercised dominion and/or control over monies belonging to Intermed which interferes with Intermed's rights.

118.    As a result of the missing funds, checks were returned to Intermed due to insufficient funds.

119.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial together with interest thereon.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT MICHAEL LAING AND LAING HOLDINGS CORP.

#### (Wasting Corporate Opportunity)

120.    Plaintiff repeats and realleges paragraphs 1-119 above, inclusive, as if fully set

forth herein.

121.    Laing and LHC had the custody of names and contact information of Intermed's clients and/or potential clients.

122.    Laing and LHC provided such information to Pugliese and/or Interactive causing a loss of potential clients to Intermed.

123.    Laing and LHC used such information for the private use of Laing and/or LHC.

124.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial but in no event less than $2,000,000.00 together with interest thereon.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS ROBERTA PUGLIESE AND INTERACTIVE MEDICAL TECHNOLOGIES, CORP.

### (Intentional Interference with Business Relationships)

125.    Plaintiff repeats and realleges paragraphs 1-124 above, inclusive, as if fully set forth herein.

126.    Defendant Pugliese is the principal of Interactive as well as the girlfriend of Defendant Laing.

127.    Interactive is a competitor to Intermed.

128.    Laing and LHC are personally obligated under the Operating Agreement not to compete or be associated with any other company that competes with Intermed.

129.    Laing and LHC are personally obligated under the Operating Agreement to devote his full time and attention to Intermed.

130.    Pugliese and Intermed have intentionally and through wrongful acts prevented Defendant Laing from complying with the Operating Agreement by seeking his assistance in

operating and managing Interactive.

131.    Pugliese and Intermed are aware of Laing and LHC's obligations under the Operating Agreement.

132.    As a result of the foregoing, Plaintiff has been damaged by Pugliese and Interactive's intentional and wrongful acts preventing Defendant Laing from complying with the operating agreement.

133.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial but in no event less than $3,000,000.00 together with interest thereon.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANT MICHAEL LAING AND LAING HOLDINGS

### (Negligence)

134.    Plaintiff repeats and realleges paragraphs 1-133 above, inclusive, as if fully set forth herein.

135.    Lang and LHC served as President of Intermed.

136.    Laing and LHC allowed receivables to be paid late.

137.    Throughout his employment with Intermed, Laing and LHC kept inaccurate records of inventory and Intermed's finances.

138.    Throughout his employment with Intermed, Laing's monthly and annual sales projections were often overly misstated.

139.    Throughout his association with Intermed, Laing often misstated his own sales projection by as much as fifty percent (50%).

140.    Laing and LHC often purchased the wrong items for inventory.

141.    Laing and LHC often purchased too much inventory.

142.    Laing and LHC often purchased too little inventory.

143.    Laing and LHC often purchased inventory too late.

144.    Laing and LHC personally are the cause of the damage to Intermed.

145.    Laing and LHC acted in bad faith.

146.    Upon information and belief, Laing and/or LHC have solicited Intermed's customers while still a Member of Intermed for their own personal use.

147.    Upon information and belief, Laing and/or LHC have used Intermed's good name to create relationships for Laing, LHC, Interactive and/or Pugliese and to compete with Intermed.

148.    Laing and LHC are unlawfully self dealing.

149.    Laing and LHC actions are such that no person of ordinary sound business judgment would say Intermed received fair benefit.

150.    As a result of Laing and LHC's actions, Intermed has been damaged in an amount to be determined at trial but in no event less than $5,000,000.00.


## AS AND FOR A TENTH CAUSE OF ACTION AGAINST
## ROBERTA PUGLIESE AND INTERACTIVE MEDICAL TECHNOLOGIES, CORP.

### (Civil Conspiracy)

151.    Plaintiff repeats and realleges paragraphs 1-150 above, inclusive, as if fully set forth herein.

152.    Lang and LHC intentionally committed fraud against Plaintiffs.

153.    Laing and LHC intentionally converted $9,000.00 belonging to the Plaintiffs.

154.    Laing and LHC have converted business opportunities belonging to Intermed

18

while a Member of Intermed.

155.    Laing and LHC continue to convert business opportunities belonging to Intermed while a Member of Intermed.

156.    Laing and LHC intentionally converted documents and/or files belonging to Plaintiffs containing customer information, proprietary secrets, confidential information and/or trade secrets.

157.    Pugliese and Interactive had an agreement with Laing and/or LHC in furtherance of committing fraud against Plaintiffs and converting Plaintiffs' property.

158.    Pugliese and Interactive participated in the agreement in furtherance of the plan and/or purpose.

159.    Pugliese and Interactive's participation in the agreement has resulted in damage in an amount to be determined at trial but in no event less than $3,000,000.00.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST MICHAEL LAING AND LAING HOLDINGS CORP.

### (Fraud)

160.    Plaintiff repeats and realleges paragraphs 1-159 above, inclusive, as if fully set forth herein.

161.    Laing and LHC were at the time of agreeing to the Operating Agreement actively competing with Intermed and not devoting their full time and attention to Intermed.

162.    Laing and LHC intended to continue to compete and not devote their full time and attention to Intermed.

163.    Laing and LHC misrepresented their intention not to devote their full time to

19

Intermed.

164.    Laing and LHC misrepresented to the Plaintiffs their intentions not to compete with Intermed.

165.    Laing and LHC made said misrepresentations to induce Plaintiffs to operate Intermed to Laing and LHC's personal benefit.

166.    Intermed has been damaged by entering into the Operating Agreement with Laing and LHC.

167.    As a result of Laing and LHC's actions, Intermed has been damaged in an amount to be determined at trial but in no event less than $5,000,000.00.

## AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST MICHAEL LAING AND LAING HOLDINGS CORP.

### (Unfair Competition)

168.    Plaintiff repeats and realleges paragraphs 1-167 above, inclusive, as if fully set forth herein.

169.    Plaintiffs, Laing and LHC are parties to the Operating Agreement.

170.    The Operating Agreement prohibits competition by Laing and LHC.

171.    Laing and LHC have competed with Intermed in bad faith, misappropriating a commercial advantage which belonged exclusively to Intermed.

172.    Unless defendants are enjoined, they will engage in further acts of unlawful and unfair competition, causing Intermed immediate and irreparable harm for which there is no adequate remedy at law.

173.I    n addition, Intermed has suffered, and will continue to suffer, substantial damages

as a result of defendants' unlawful and unfair competition.

174.    As a result of Laing and LHC's actions, Intermed has been damaged in an amount
to be determined at trial.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST
### ALL DEFENDANTS

#### (Permanent Injunction)

175.    Plaintiff repeats and realleges paragraphs 1-174 above, inclusive, as if fully set
forth herein.

176.    The Operating Agreement contains at least one restrictive covenant.

177.    Defendants Laing and LHC are breaching the Operating Agreement.

178.    Defendants Pugliese and Interactive are a nominee of Laing and LHC in
breaching the Operating Agreement.

179.    Defendants' blatant breach of contract will cause irreparable harm to Plaintiffs
including, but not limited to, an undetermined loss of future revenue.

180.    As a result of the restrictive covenant, it is demanded that Defendants be
permanently enjoined from competing with Intermed and/or any of its successor corporations.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST
### ALL DEFENDANTS

#### (Misappropriation of Trade Secrets)

181.    Plaintiff repeats and realleges paragraphs 1-180 above, inclusive, as if fully set
forth herein.

182.    Intermed's confidential and proprietary business information, including, but not

21

limited to, Intermed's customer and prospective customer lists, the identity of Intermed's

potential customers, and details of Intermed's customers' expressed needs and future plans and

other related information are trade secrets entitled to protection from unauthorized disclosure

183.    Defendants Laing and LHC misappropriated plaintiff's trade secrets prior and

after termination by plaintiff, and have shared these trade secrets with Pugliese and Interactive.

184.    Defendants have misappropriated and continue to misappropriate the trade secrets

of Intermed, and Intermed has been and continues to be harmed thereby.

185.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be

determined at trial but in no event less than $3,000,000.00 together with interest thereon.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAINST
## ROBERTA PUGLIESE AND INTERACTIVE MEDICAL TECHNOLOGIES, CORP.

### (Aiding and Abetting Breach of Fiduciary Duty)

186.    Plaintiff repeats and realleges paragraphs 1-185 above, inclusive, as if fully set

forth herein.

187.    Laing and/or LHC breached a fiduciary duty to the Plaintiffs.

188.    Pugliese and Interactive were aware of Laing and/or LHC's fiduciary duty.

189.    Pugliese and Interactive were aware of Laing and/or LHC's breach of said

fiduciary duty.

190.    Pugliese and Intereactive affirmatively assisted Laing and/or LHC breach said

fiduciary duty in acting as their nominee.

191.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be

determined at trial but in no event less than $2,000,000.00 together with interest thereon.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION AGAINST
## ROBERTA PUGLIESE AND INTERACTIVE MEDICAL TECHNOLOGIES, CORP.

### (Aiding and Abetting Conversion)

192.    Plaintiff repeats and realleges paragraphs 1-191 above, inclusive, as if fully set forth herein.

193.    Laing and/or LHC converted property and/or monies belonging to the Plaintiffs.

194.    Pugliese and Interactive were aware of Laing and/or LHC's conversion.

195.    Pugliese and Intereactive affirmatively assisted Laing and/or LHC conversion in acting as their nominee.

196.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial but in no event less than $2,000,000.00 together with interest thereon.


## AS AND FOR A SEVENTEENTH CAUSE OF ACTION AGAINST
## ROBERTA PUGLIESE AND INTERACTIVE MEDICAL TECHNOLOGIES, CORP.

### (Aiding and Abetting Fraud)

197.    Plaintiff repeats and realleges paragraphs 1-196 above, inclusive, as if fully set forth herein.

198.    Laing and/or LHC committed a fraud on the Plaintiffs.

199.    Pugliese and Interactive were aware of Laing and/or LHC's fraud.

200.    Pugliese and Intereactive affirmatively assisted Laing and/or LHC fraud by acting as their nominee.

201.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be

determined at trial but in no event less than $2,000,000.00 together with interest thereon.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the entry of a judgment from this Court:

On the First Cause of Action, judgment against all Defendants, in an amount to be determined at trial but in no event less than $2,000,000.00 together with interest thereon;

On the Second Cause of Action, judgment against all Defendants, in an amount to be determined at trial but in no event less than $2,000,000.00 together with interest thereon;

On the Third Cause of Action, judgment against Michael Laing and Laing Holdings Corp., in an amount to be determined at trial but in no event less than $2,500,000.00 together with interest thereon;

On the Fourth Cause of Action, judgment against Michael Laing and Laing Holdings Corp. and an accounting of the receipts of Intermed from November 30, 2005 to April 9, 2008, together with an award of damages or restitution of such monies as may be determined by said accounting to have been wrongfully withheld from Intermed, together with interest, the costs and professional or other fees incurred in connection with said accounting, together with prejudgment interest thereon;

On the Fifth Cause of Action, judgment against Michael Laing and Laing Holdings Corp., in an amount to be determined at trial but in no event less than $3,000,000.00, together with prejudgment interest thereon;

24

On the Sixth Cause of Action, judgment against Michael Laing and Laing Holdings Corp., in an amount to be determined at trial with prejudgment interest thereon;

On the Seventh Cause of Action, judgment against Michael Laing and Laing Holdings Corp. in an amount to be determined at trial but in no event less than $2,000,000.00, together with interest thereon.

On the Eighth Cause of Action, judgment against the Defendants Roberta Pugliese and Interactive Medical Technologies, Corp., in an amount to be determined at trial but in no even less than $3,000,000.00, together with prejudgment interest thereon;

On the Ninth Cause of Action, judgment against Defendant Michael Laing in an amount to be determined at trial but in no event less than $5,000,000.00, together with interest thereon.

On the Tenth Cause of Action, judgment against Roberta Pugliese and Interactive Medical Technologies, Corp., in an amount to be determined at trial but in no event less than $3,000,000.00, together with interest thereon.

On the Eleventh Cause of Action, judgment against Michael Laing and Laing Holdings Corp., in an amount to be determined at trial but in no event less than $5,000,000.00, together with interest thereon.

On the Twelfth Cause of Action, judgment against Michael Laing and Laing Holdings Corp., in an amount to be determined at trial.

On the Thirteenth Cause of Action, judgment against all Defendants, enjoining Defendants from competing with Intermed Gas Products, LLC and/or any of its successor corporations.

25

On the Fourteenth Cause of Action, judgment against all Defendants in an amount to be determined at trial but in no event less than $3,000,000.00 together with interest thereon.

On the Fifteenth Cause of Action, judgment against Roberta Pugliese and Interactive Medical Technologies, Corp. in an amount to be determined at trial but in no event less than $2,000,000.00 together with interest thereon.

On the Sixteenth Cause of Action, judgment against Roberta Pugliese and Interactive Medical Technologies, Corp. in an amount to be determined at trial but in no event less than $2,000,000.00 together with interest thereon.

On the Seventeenth Cause of Action, judgment against Roberta Pugliese and Interactive Medical Technologies, Corp. in an amount to be determined at trial but in no event less than $2,000,000.00 together with interest thereon.

On all Causes of Action, costs and fees, including reasonable attorneys' fees, incurred by plaintiff in connection with this action and such other relief as the Court deems just and proper.

Dated: New York, New York
      June 12, 2008

                                    Robert L. Rimberg, Esq. (RLR2453)
                                    Joel S. Schneck, Esq. (JSS7019)
                                    GOLDBERG & RIMBERG, PLLC
                                    115 Broadway – 3rd Floor
                                    New York, New York 10006
                                    Phone: (212)697-3250