UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

972 IRREVOCABLE TRUST and
INTERMED GAS PRODUCTS, LLC,                    Case No.:  08-CV-4907 RPP-HP
                                               ECF CASE

                 Plaintiffs

v.

MICHAEL LAING, ROBERTA PUGLIESE,
LAING HOLDINGS CORPORATION and
INTERACTIVE MEDICAL TECHNOLGIES, CORP.
                 Defendants.

———————————————————

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF  MOTION DISMISS
PLAINTIFFS' AMENDED COMPLAINT IN PART OR IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF FLORIDA**

## TABLE OF CONTENTS

I. STANDARD FOR MOTION TO DISMISS..........................................................1

II. PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED AS TO
DEFENDANT PUGLIESE AND IMT FOR LACK OF PERSONAL
JURISDICTION........................................................................................................2

III. THE THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, NINTH, TENTH,
ELEVENTH, TWELFTH, THIRTEENTH AND FOURTEENTH CAUSES OF
ACTION IN PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS TP
DEFENDANTS LAING AND LHC FOR LACK OF PERSONAL
JURISDICTON...........................................................................................................4

IV. PLAINTIFFS' CLAIMS AGAINST LAING AND LHC AS STATED IN THE
FOURTH, FIFTH, TENTH, ELEVENTH AND TWELFTH CAUSES OF ACTION
OF PLAINTIFFS AMENDED COMPLAINT SHOULD BE DISMISSED FOR
FAILURE TO STATE A CLAIM ................................................................7

    A.  FOURTH CAUSE OF ACTION-ACCOUNTING..................................7

    B.  FIFTH CAUSE OF ACTION-
       CONVERSION...............................................................................8

    C.  TENTH CAUSE OF ACTION-
       NEGLIGENCE...............................................................................8

    D.  ELEVENTH CAUSE OF ACTION-
       FRAUD.........................................................................................10

    E.  TWELFTH CAUSE OF ACTION-UNFAIR
       COMPETITION.............................................................................11

V. PLAINTIFFS CLAIMS AGAINST PUGLIESE AND IMT AS STATED IN THE
EIGHTH AND SIXTEENTH CAUSES OF ACTION IN PLAINTIFFS' AMENDED
COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A
CLAIM.......................................................................................................11

    A.  EIGHTH CAUSE OF ACTION-INTENTIONAL INTERFERENCE WITH
       BUSINESS RELATIONSHIPS.......................................................11

    B.  SIXTEENTH CAUSE OF ACTION-AIDING AND ABETTING
       CONVERSION.............................................................................13

VI.     PLAINTIFFS AMENDED COMPLAINT AGAINST ALL DEFENDANTS
SHOULD BE DISMISSED AS IT PERTAINS TO CLAIMS MADE BY
PLAINTIFF 972 IRREVOCABLE
TRUST..................................................................................13

VII.    DEFENDANTS PUGLIESE AND IMT'S MOTION FOR DISMISSAL OF
PLAINTIFFS' COMPLAINT FOR LACK OF VENUE OR TRANSFERRED TO
SOUTHERN DISTRICT OF
FLORIDA............................................................................13

    A. THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED
       PURSUANT TO 28 U.S.C. § 1391...................................14

    B. ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO
       THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. §
       1404(a)..........................................................16

VIII. CONCLUSION.....................................................................18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

972 IRREVOCABLE TRUST and
INTERMED GAS PRODUCTS, LLC,                    Case No.:  08-CV-04907 RPP-HP
                                               ECF CASE

                **Plaintiffs**

v.

MICHAEL LAING, ROBERTA PUGLIESE,
LAING HOLDINGS CORPORATION and
INTERACTIVE MEDICAL TECHNOLGIES, CORP.
                **Defendants.**

_____

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT IN PART OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF FLORIDA

Defendants, MICHAEL LAING (hereinafter referred to as "LAING"), ROBERTA

PUGLIESE (hereinafter referred to as "PUGLIESE"), LAING HOLDINGS CORPORATION

(hereinafter referred to as "LHC"), INTERACTIVE MEDICAL TECHNOLGOIES, CORP.

(hereinafter referred to as "IMT")(collectively hereinafter referred to as "Defendants"), by and

through their undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure

§12(b)(2), 12(b)(3) and 12(b)(6), 28 U.S.C. §1404(a), hereby serve their Memorandum of Law in

Support of Their Motion to Dismiss Plaintiff's Amended Complaint ("AC") in Part or in the

Alternative, Motion to Transfer Venue to Southern District of Florida and states as follows:

### I.      LEGAL STANDARD FOR MOTION TO DISMISS

On a motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* for failure to state a claim upon

which relief can be granted, although the court must accept the factual allegations of the complaint

and draw all reasonable inferences in favor of the plaintiff, the issue is "whether [plaintiff] is entitled

1

to offer evidence to support his claim." *Broder v. Cablevision Sys. Corp., 329 F. Supp. 2d 551, 556 (S.D.N.Y. 2004), aff'd, 2005 U.S. App. LEXIS 16811 (2d Cir. Aug. 11, 2005)*, citing *Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996)*. Where no claim has been stated against a named defendant, as is the case, here, dismissal is warranted. *Fed. R. Civ. P. 12(b)(6)*.

## II.    PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANTS PUGLIESE AND IMT FOR LACK OF PERSONAL JURISDICTION

As a general matter, without a showing far greater than that Plaintiffs have made, a contractual consent to jurisdiction clause does not apply to defendants who were not parties to the contract in which the consent to jurisdiction clause appears. *See Yung v. Lee,* No. 00 Civ. 3965, 2002 WL 31008970, at *2 n.2 (S.D.N.Y. Sept. 5, 2002)* Nor can there be a finding of general or specific jurisdiction under a "minimum contacts" theory with regard to the claim(s) alleged against those Defendants. As such, it would therefore be improper and unfair to subject Defendants Pugliese and IMT to suit here.

Plaintiffs' bear the burden of establishing that the Court has personal jurisdiction over Defendants. *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir. 1990), *cert. denied, 498 U.S. 854 (1990)*. Plaintiff is required, at a minimum, to allege and demonstrate a *prima facie* case sufficient to justify the exercise of jurisdiction. *Id.*

With limited exceptions not applicable here, federal district courts have no broader power over persons outside the state in which they sit than do the local state courts. Courts may exercise personal jurisdiction over nonresidents where any of the following three "traditional" bases for personal jurisdiction exist: (1) service of persons physically present in forum state; (2) domicile within the state; and (3) consent or appearance in the action. *Burnham v. Superior Court,* 495 U.S.

2

604, 609 (1990). See also *CPLR § 301* ("Jurisdiction over persons, property or status"). There is *no* traditional basis alleged for jurisdiction over Defendants.

In the instant action, there are only bald allegations that Defendants Pugliese or INT have engaged in any significant activities in New York or created continuing obligations between themselves and New York residents. *See Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 109 (1987) ("[j]urisdiction is proper where the contact proximately results from the actions by the defendant himself that create a substantial connection with the forum state") (citations omitted); *Burger King, 471 U.S. at 475-476* (a defendant has purposefully availed himself of the benefits of a forum if he has deliberately 'engaged in significant activities within a state or has created continuing obligations' between himself and the residents of the forum.' ") As an initial matter, it is respectfully submitted that there can be no basis for personal jurisdiction as Defendants Pugliese or INT.

Even if Plaintiff had properly alleged that Defendants Pugliese and INT have transacted business in New York systematically and regularly, the Court would have to make a further inquiry. To determine whether a defendant is "doing business" in New York, the court must "analyze a defendant's connections to the forum state 'not for the sake of contact-counting, but rather for whether such contacts show a continuous, permanent and substantial activity in New York.' " Landoil Resources *Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1043 (2d Cir. 1990) (emphasis added), *citing Weinstein, Korn & Miller, NEW YORK CIVIL PRACTICE, ¶ 301.16; Gross v. Bare Escentuals, Inc., 2005 U.S. Dist. LEXIS 6570, *6 (S.D.N.Y. 2005)* (trademark dispute against California corporations dismissed for lack of personal jurisdiction). There are no factual allegations regarding Defendants Pugliese or INT activities in New York to support any allegation that those

3

defendants engaged in affirmative conduct promoting the transaction of business in New York. The allegations are conclusory at best. Defendants Pugliese and INT do not have sufficient contacts with the state to be subject to general jurisdiction in New York (See affidavit of Roberta Pugliese attached hereto as Exhibit "A").

Neither is there any basis for jurisdiction under New York's "long-arm" statute, *CPLR § 302.* (Exhibit "A") *See also International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (under the Supreme Court's due process jurisprudence, personal jurisdiction depends on whether defendants have sufficient "minimum contacts" with New York, such that maintaining the suit "does not offend traditional notions of fair play and substantial justice."); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (the purpose of the "minimum contacts" requirement is to ensure that states do not reach out beyond the limits of sovereignty and to provide defendants with fair warning as to when an activity may subject them to the jurisdiction of a foreign sovereign).

Because the claims arose without any alleged contact between defendants and New York, the exercise of specific jurisdiction here would be manifestly improper. All claims against defendants Pugliese and INT should be dismissed pursuant to *Fed. R. Civ. P. 12(b)(2)* (lack of personal jurisdiction). Moreover, as set forth below, several causes of action in the Amended Complaint fail to set forth a claim upon which relief may be granted.

### III.    THE THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, NINTH, TENTH, ELEVENTH, TWELFTH, THIRTEENTH AND FOURTEENTH, CAUSES OF ACTION IN PLAINTIFFS AMENDED COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANTS LAING AND LHC FOR LACK OF PERSONAL JURISDICTION

In the Operating Agreement entered into by Laing and LHC, they agreed to submit to the exclusive jurisdiction of the Courts of New York "in connection with any suit, action or proceeding

4

related to this agreement or any of the matters contemplated hereby, irrevocably waives any defense of lack of personal jurisdiction……" (See Exhibit "B" to AC, par. 12.4).

Contractually based forum selection and consent to jurisdiction clauses, such as those in the Operating Agreements attached to Plaintiffs' Complaint, will encompass related tort claims only "if the tort claims ultimately depend on the existence of a contractual relationship between the parties, or if resolution of the claims relates to interpretation of the contract, or if the tort claims involve the same operative facts as a parallel claim for breach of contract." *See Direct Mail Prod. Servs. Ltd. v. MBNA Corp., No. 99 Civ. 10550, 2000 WL1277597, at *6 (S.D.N.Y. Sept. 7, 2000) (citations and quotations omitted)*. The basic inquiry is thus "whether the plaintiff's claims depend on rights and duties that must be analyzed by reference to the contractual relationship." *Id.; see also Bank of Am. Nat'l Trust & Savings Ass'n v. Private Trust Corp. Ltd., No. 97 Civ. 4573, 1998 WL 230991, at *4-5 (S.D.N.Y. May 6, 1998)*.

Here, Plaintiffs bring several claims against Laing and LHC directly; breach of fiduciary duty, conversion, fraud, unfair competition, misappropriation of trade secrets, permanent injunction, negligence an accounting and wasting corporate opportunity,[FN1] none of which arise out of or are based upon the Operating Agreement or the transactions contemplated thereby.

FN1. Even if the Court finds that it has personal jurisdiction over Laing and LHC on the First and Second Causes of Action (alleged breaches of the Operating Agreement), it does not necessarily follow that the Court may assert jurisdiction over Laing and LHC on all of the claims in the Plaintiffs' Amended Complaint. As this and other federal courts have recognized, the personal jurisdiction analysis is both defendant-specific and claim-specific. *See Sunward Elecs., 362 F.3d at 24* ("A

5

plaintiff must establish the court's jurisdiction with respect to *each* claim asserted.")

(emphasis in original); *First Capital Asset Mgmt v. Brickellbush, Inc., 218 F. Supp.*

*2d 369, 397-98 (S.D.N.Y. 2002)*.  Here, the Court may retain jurisdiction over the

First and Second Causes of Action while dismissing the remaining causes of action

as against Laing and LHC. *See Nasso v. Seagal, 263 F. Supp. 2d 596, 612 (E.D.N.Y.*

*2003)* (court had jurisdiction over claims for breach of contract, breach of fiduciary

duty and unjust enrichment claims, but not over claims for seizure of corporate

opportunities, conversion and misrepresentation).

      Plaintiffs' claims other than the Breach of Contract claims made in the First and Second

Causes of Action do not arise out of nor are they contemplated by the Operating Agreement, nor will

they require the Court to interpret the provisions in that contract. Here, the breach of the Operating

Agreement claim here is not at all central to the remaining causes of action in Plaintiffs' Amended

Complaint.

      As to the adjudication of these claims not depending on any analysis of the Operating

Agreement or the rights and obligations of the parties thereto, the extension of jurisdiction to such

claims is inappropriate. *See Gen. Envtl. Sci. Corp. v. Horsfall, 753 F. Supp. 664, 668 (N.D. Ohio*

*1990)* (where defendants attempted to enforce contractual jurisdiction clause in case involving

federal RICO claims, court would not treat case as arising out of contract but "[i]nstead it [would] be

deemed to have arisen out of the Plaintiff's ongoing business relationships with the Defendants");

As such, Plaintiffs have failed to make the required prima facie showing that Defendants are subject

to the Court's jurisdiction based on the Operating Agreement as to the Third, Fourth, Fifth, Sixth,

Seventh, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fourteenth Causes of Action in Plaintiffs'

Amended Complaint.

### IV. PLAINTIFFS CLAIMS AGAINST LAING AND LHC AS STATED IN THE FOURTH, FIFTH, TENTH, ELEVENTH AND TWELFTH CAUSES OF ACTION OF PLAINTIFFS AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. FOURTH CAUSE OF ACTION - ACCOUNTING

In order to sustain an action for accounting under New York law a party must establish four elements: "(1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal." *Dayan Enterprises Corp. v. Nautica Apparel Inc. 2003 WL 22832706 (S.D.N.Y. 2003) citing  Pressman v. Estate of Steinvorth, 860 F.Supp. 171, 179 (S.D.N.Y.1994)*.

*In Dayan Enterprise, supra*, the Court noted the following: "Nautica alleges Dayan's royalty and advertising obligations arise out of the license agreement itself. Thus, a damages suit for breach of contract suit provides an adequate legal remedy." *See also Arrow Communications Labs. v. Pico Prods. Inc.*, 219 A.D.2d 859, ----, 632 N.Y.S.2d 903, 905 (4th Dep't 1995) ("Where a party seeks an accounting, but the primary demand is for monetary damages, '[t]he accounting is merely a method to determine the amount of the monetary damages. The action therefore sounds in law and not in equity.") (citation omitted).  It is no different in the instant action. Laing and LHC's obligations arose out of the Operating Agreement and as President of the Company. Hence, Plaintiffs will be able to seek discovery as to the measure of damages, encompassing all the information they seek in their Accounting Cause of Action. Additionally, throughout Plaintiffs Complaint, they state with particularity the minimum amount of damages they are seeking for each claim.  As such, Plaintiffs

7

have failed to state a claim for an Accounting and this Cause of Action should hereby be dismissed.

## B. FIFTH CAUSE OF ACTION - CONVERSION

The elements of conversion are (1) intent, (2) interference "to the exclusion of the owner's rights," *Employers' Fire Ins. Co. v Cotten, 245 NY 102, 156 NE 629 (1927)* and (3) possession, or the right to possession in plaintiff, see generally; *Meese v Miller, 79 AD2d 237, 436 NYS2d 496(4th Dep't 1981)* . In order to state a cause of action, plaintiff must establish legal ownership of a specific identifiable piece of property and the defendant's exercise over or interference with the property in defiance of plaintiff's rights, *Ahles v Aztec Enterprises, Inc., 120 AD2d 903, 502 NYS2d 821(3rd Dep't 1986)*; *see Di Siena v Di Siena, 266 AD2d 673, 698 NYS2d 93(3rd Dep't 1999)*.  Clearly, the allegations contained in Plaintiffs' Complaint, namely that Defendants Laing and LHC have exercised dominion and/or control over customer files, documents and the Company's inventory do not allege a "specific identifiable piece of property" as required by New York law.  In the instance of the allegations with regard to "customer lists" and "documents", Plaintiff makes no claim that said items are confidential, proprietary, or may constitute a trade secret.  Additionally, Plaintiff's are claiming that Defendants Laing and LHC converted "business opportunities" This is even less of a "specific identifiable piece of property" than the customer lists and documents.  Accordingly, Plaintiff's have failed to state a claim in their Fifth Cause of Action.

## C. TENTH CAUSE OF ACTION - NEGLIGENCE

In Plaintiffs' Tenth Cause of Action, they allege Laing and LHC committed various actions or inactions in their capacity as President of the Company.  Actions taken by corporate directors and officers are protected by the business judgment rule. The business judgment rule is a presumption

8

which "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." *Auerbach v. Bennett, 47 N.Y.2d 619, 629, 419 N.Y.S.2d 920, 926, 393 N.E.2d 994, 1000 (1979)*

The purpose of the business judgment rule is to avoid "judicial second-guessing" of corporate decisions and to protect those decisions, so long as the decision is made in good faith and after reasonable investigation. *Id.* The rule, codified into the standards of conduct prescribed in *Sections 715(h)* and *717(a) of the Business Corporation Law, N.Y. Bus. Corp. Law §§ 715(h), 717(a)* requires that corporate directors and officers perform their duties "in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances." *N.Y. Bus. Corp. Law §§ 715(h)* (standard of care applied to officers); *717(a)* (standard of care applied to directors)  The New York Court of Appeals explained in *Auerbach v. Bennett*: [T]he business judgment doctrine … is grounded in the prudent recognition that courts are ill equipped and infrequently called on to evaluate what are and must be essentially business judgments … . [B]y definition the responsibility for business judgments must rest with the corporate directors; their individual capabilities and experience peculiarly qualify them for the discharge of that responsibility. Thus, absent evidence of bad faith or fraud … the courts must and properly should respect their determinations. *Auerbach v. Bennett, 47 N.Y.2d 619, 629–631, 419 N.Y.S.2d 920, 926–927, 393 N.E.2d 994, 1000 (1979)*.

Thus, under the business judgment rule, directors "are presumed to have acted properly and in good faith, and are called to account for their actions only when they are shown to have engaged in self-dealing or fraud, or to have acted in bad faith." *Crouse-Hinds Co. v. InterNorth, Inc., 634 F.2d 690, 702 (2d Cir. 1980)* (internal quotation marks and citation omitted) (applying New York law)

9

The burden falls on the party challenging a transaction to demonstrate that the officer or director acted with self-interest or bad faith. *Id.* The business judgment rule applies in a limitless variety of circumstances; thus, each matter must be evaluated on its individual facts. However, if the allegations center around negligence as they are here, the Plaintiff must allege facts illustrating "gross negligence." *Halpert Enterprises, Inc. v. Harrison, Slip Copy, 2007 WL 486561 (S.D.N.Y. 2007)* Clearly, Plaintiffs allegations in this Cause of Action do not rise to a level that warrant piercing the Business Judgment Rule as they have not alleged gross negligence or facts illustrating same. Moreover, Plaintiffs' Tenth of Cause of Action is precluded by virtue of the Economic Loss Rule. *See Labajo v. Best Buy Stores, L.P. 478 F.Supp.2d 523 (S.D.N.Y. 2007)* Accordingly, Plaintiffs have failed to State a Claim in their Tenth Cause of Action and it should hereby be dismissed.

### D. ELEVENTH CAUSE OF ACTION-FRAUD

A fraud claim is not sufficiently stated where it merely alleges that a Defendant did not intend to perform a contract at the time the promise was made. *Ross v. DeLorenzo, 813 N.Y.S. 2d 756 (2nd Dept. 2006), Makuch v. New York Central Mutual Fire Insurance Co., 785 N.Y.S.2d 236(4th Dept. 2004)*. In fact, a cause of action for fraud does not arise when the only alleged fraud relates to a breach of contract. *Shah v. Micro Connections, Inc. 729 N.Y.S.2d 497(2nd Dept. 2001); La Barte v. Seneca Resources Corp., 728 N.Y.S.2d 618(4th Dept. 2001).*

Here, the allegations contained in Plaintiffs' Eleventh Cause of Action merely allege facts that Defendants Laing and LHC breached the operating agreement. Accordingly, this Cause of Action should hereby be dismissed.

10

### E. TWELFTH CAUSE OF ACTION-UNFAIR COMPETITION

A claim of unfair competition, when based upon misappropriation of Plaintiffs' "concerns the taking and use of the Plaintiff's property to compete against the Plaintiff's own use of the same property." *Roy Export Co. Establishment of Vaduz, Lichenstein v. Columbia Broadcasting System, 672 F.2d 1095, 1105 (2d Cir. 1982); see Metropolitan Opera Ass'n v. Wagner-Nichols Records Corp., 199 Misc. 786, 792-796, 101 N.Y.S.2d 483 (Sup. Ct. 1950)(describing origins of tort under common law)*. "The essence of an unfair competition claim under New York law is that the Defendant has misappropriated the labors and expenditures of another" and "central to this notion is an element of bad faith." *Saratoga Vichy Spring Co., Inc. v. Lehman, 625 F.2d 1037 (2d Cir. 1980); Ruder & Finn, Inc. v. Seaboard Surey Co., 52 N.Y.S.2d 858 (1981)* (describing "the principle of misappropriation of another's commercial advantage as a cornerstone of the tort."); *see also Roy Export Co., 672 F.2d 1105* ( noting that the broad application of "such an amorphous clause of action is capable of mischievous application"). "New York unfair competition law also requires a showing of actual confusion and bad faith before monetary relief maybe awarded." *Nabisco v. Warner-Lambert Co.,* 32 F.Supp.2d 690, 702 (S.D.N.Y.1999). As Plaintiffs conclusory allegations have not illustrated what property was misappropriated, they have failed to state a claim for Unfair Competition.

### V. PLAINTIFFS CLAIMS AGAINST PUGLIESE AND IMTAS STATED IN THE EIGHTH AND SIXTEENTH CAUSES OF ACTION OF PLAINTIFFS AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. EIGHTH CAUSE OF ACTION-INTENTIONAL INTERFRENCE WITH BUSINESS RELATIONSHIPS

Under New York law, to succeed on a claim of tortious interference with contractual

11

relations, Holmstrom must show "(a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff." *Independent Asset Management LLC v. Zanger, 538 F.Supp.2d 704, 711 (S.D.N.Y. 2008); Albert v. Loksen, 239 F.3d 256, 274 (2d Cir.2001)*. The New York Court of Appeals has described the "intention" required by the third prong as "an intention to harm plaintiff without economic or other lawful excuse or justification." *Independent Asset Management, LLC at 711; Alvord & Swift v. Stewart M. Muller Constr. Co., 46 N.Y.2d 276, 413 N.Y.S.2d 309, 385 N.E.2d 1238, 1241 (1978)*. In *Independent Asset Management, LLC*, the Court noted that conclusory allegation that the Defendant had intentionally and improperly caused another to breach the contract was not sufficient. *Independent Asset Management, LLC at 711*. The Court found that Plaintiff in that case alleged no facts that would illustrate that the Defendant engaged in the complained-of conduct for the purpose of causing another to breach its contract with Plaintiff, let alone that he acted with an intent to harm Plaintiff. *Id.*

The allegations in this case are strikingly similar to those in *Independent Asset Management, LLC*. In both paragraphs 115 and 116 of Plaintiffs Complaint, Plaintiffs make the conclusory allegation that Pugliese and IMT's intentional and wrongful acts prevented Defendant Laing from complying with the operating agreement. There is no allegation that either Pugliese and/or IMT had knowledge of the existence of the aforementioned Operating Agreement nor "an intention to harm Plaintiff without economic or other lawful excuse or justification". Accordingly, Plaintiffs' Eighth Cause of Action against Defendants Pugliese and IMT should be dismissed.

12

## B.  SIXTEENTH CAUSE OF ACTION-AIDING AND ABETTING CONVERSION

In order to state a claim for aiding and abetting the alleged common law conversion, Plaintiff must allege (1) the existence of a primary violation; (2) knowledge of this violation on the part of the aider and abettor, and (3) substantial assistance by the aider and abettor in the achievement of the primary violation.  *Lerner v. Fleet Bank, N.A., 459 F.3d 273, 292 (2d Cir. 2006)*.  While Plaintiffs have alleged the above elements in their Sixteenth Cause of Action, they run into the same problem as they did in their Fifth Cause of Action for Conversion against Defendants Laing and LHC.  As in that Cause of Action, Plaintiffs' are alleging here that Laing and/or LHC "converted property and/or monies belonging to Plaintiffs' (See AC, par. 193.)  As this is clearly not a specific identifiable piece of property, this Cause of Action should hereby be dismissed.  *See Ahles v Aztec Enterprises, Inc., 120 AD2d 903, 502 NYS2d 821(3rd Dep't 1986)*; *see Di Siena v Di Siena, 266 AD2d 673, 698 NYS2d 93(3rd Dep't 1999)*.

## VI.  PLAINTIFFS COMPLAINT AGAINST ALL DEFENDANTS SHOULD BE DISMISSED AS IT PERTAINS TO CLAIMS MADE BY PLAINTIFF 972 IRREVOCABLE TRUST

Plaintiffs have alleged no basis for personal jurisdiction as it relates to any claims against the Defendants as it relates to Defendant 972 Irrevocable Trust. Moreover, none of the Causes of Action in Plaintiffs Complaint reference how any action or inaction may have caused damage to Plaintiff 972 Irrevocable Trust. Accordingly, Plaintiffs Complaint as it relates to them should be dismissed in its' entirety.

## VII.    DEFENDANTS PUGLIESE AND IMT'S MOTION FOR DISMISSAL OF PLAINTIFFS' COMPLAINT FOR LACKOF VENUE OR TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA

There are three ways to justify venue in this purported diversity action. First, if all the

13

defendants reside in the same state, venue is proper in that state. *28 U.S.C. § 1391(a)(1)*. Second, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated." *Id. at § 1391(a)(2)*. Third, if there is "no district in which the action may otherwise be brought," venue is proper where "any defendant is subject to personal jurisdiction at the time the action is commenced." *Id. at § 1391 (a)(3)*.

A plaintiff bears the burden of establishing the propriety of its chosen venue. See ZPC 2000, Inc. v. SCA Group, Inc., 86 F. Supp. 2d 274, 276 (S.D.N.Y. 2000) ("Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper"); *Universal Marine Med Supply, Inc. v. Lavecchio, 8 F. Supp. 2d 214, 219 (E.D.N.Y. 1998)* (plaintiff bears burden of establishing that venue is proper in district in which complaint was filed).

Where, as here, venue has been improperly laid, "[t]he district court ... shall dismiss, or if it be in the interest of justice, transfer such case to any district... in which it could have been brought." *28 U.S.C. § 1406(a)*.

## A. THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED PURSUANT U.S.C. §1391 SINCE VENUE DOES NOT LIE IN THIS COURT.

Plaintiffs have not even come close to meeting his venue burden with respect to the three possible bases for venue. First, none of the Defendants reside in the Southern District of New York, and therefore their residences cannot justify venue here. *See 28 U.S.C. § 1391(b)(1)*. Here, Pugliese is a resident of Palm Beach County, Florida while IMT is a Florida corporation with its' principal place of business in Palm Beach County, Florida. Accordingly, they are residents of Florida. (Exhibit "A").[FN2]

14

FN2. For defenses raised under *Rule 12(b)(3)*, the court "may consider matters outside the pleadings, and often must do so, since without [the] aid of such outside materials the court would be unable to discern the actual basis ... of a party's challenge to the bare allegation in the complaint that venue is proper ...." *Carrano v. Harborside Healthcare Corp., 199 F.R.D. 459, 461 (D. Conn. 2001) (citations omitted)*.

Second, venue in the Southern District of New York is not proper as nothing related to Plaintiffs' Amended Complaint occurred in this judicial district, much less "a substantial part of the events." *See* *28 U.S.C. § 1391(b)(2)*.   Any review of Plaintiffs' Amended Complaint reveals that they do not identify where any of the alleged events occurred, let alone a substantial portion thereof. Plaintiffs' make conclusory allegations that "Defendants caused an injury within New York, that they derive derive substantial revenue from interstate or international commerce, engage in solicitation of business in the State of New York, derive substantial revenue from the promotion of services in the State of New York. (See AC, par. 8.) Specifically as it relates to Pugliese and IMT, Plaintiffs' make the conclusory allegation that they are the alter egos for Laing and LHC. (See AC, par. 9) However, any alleged event germane to this lawsuit had to have occurred in the Southern District of Florida. (See Laing Affidavit attached hereto as Exhibit "B") As a result, venue cannot be sustained under *28 U.S.C. § 1391(b)(2)*.

Third, *28 U.S.C. § 1391(b)(3)* does not apply. This subsection, authorizing venue in any "judicial district in which any defendant may be found," only applies "if there is no district in which the action may otherwise be brought." *Dolson v. New York State Thruway Auth., No. 00 Civ. 6439, 2001 WL 363032, at *2 (S.D.N.Y. April 11, 2001); Amaker v. Haponik, 198 F.R.D. 386, 392*

15

*(S.D.N.Y. 2000); McDonald v. Gen. Accident Ins. Co., No. 96-CV-326, 1996 WL 590722, at \*2* *(N.D.N.Y. Oct. 7, 1996)*. As discussed above, Plaintiffs do not allege where the relevant alleged acts occurred while Defendants Laing and Pugliese have identified that virtually any events or omissions that may have given rise to Plantiffs' claims occurred in the Southern District of Florida; as such, the requirement for venue in the Florida's Southern District Court is met.

The Court should therefore dismiss Plaintiffs' Complaint because "none of the complaint's allegations support even a colorable argument for venue in this district." *Feldman v. L & M Mowing. Inc., No. 98 CV 4246, 1999 WL 284983, at \*3 (E.D.N.Y. May 3, 1999)* (dismissing complaint for lack of proper venue because "the facts suggest that Plaintiff knowingly filed this action in the wrong venue, and support a dismissal rather than transfer"); *Kazlow v. Hade, No. 89 Civ. 5402, 1990 WL 139030, at \*2 (S.D.N.Y. Sept. 14, 1990)* (dismissing case in which there was clearly no basis for venue in New York and the complaint contained "manifest defects").

## B.  ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA COURT PURSUANT TO 28 U.S.C. § 1404(A).

Even if venue were proper in this district (which it is not), this action should be transferred to the Southern District of Florida pursuant to *28 U.S.C. § 1404(a)*. That statute allows transfer of a case "[f]or the convenience of parties and witnesses, [and] in the interest of justice" to a district "where it might have been brought."

The convenience of witnesses is an important - if not *the most* important - consideration in a *§ 1404(a)* analysis. *See, e.g., 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1994)* ("The convenience of both party and non-party witnesses may be the single most important factor in the analysis of whether one forum is more appropriate than a competing

16

forum."); *U.S. Fidelity & Guar. Co. v. Republic Drug Co., Inc.,* 800 F. Supp. 1076, 1081 (E.D.N.Y. 1992) (residence of witness is important factor in transfer analysis); *Advance Relocation & Storage, Inc. v. Wheaton Van Lines, Inc., No. CV 99-2491, 2000 WL 33155640, at \*4 (E.D.N.Y. Sept. 15, 2000)* ("convenience of witnesses, is a key factor, if not the most important factor in the venue transfer analysis").

As explained above, a significant amount of the alleged events at issue took place in Florida, which is where a lion's share of the potential witnesses reside. (See Exhibits "A", "B") Multiple witnesses from Florida will testify as to the crucial facts surrounding each claim.

Another factor, the locus of operative facts, also strongly favors transfer. The alleged events that may have lead to this lawsuit took place in Florida, and actions taken by Defendants were done so from Florida. All the Defendants are residents of Florida.

Plaintiffs' forum choice deserves no deference because the relevant conduct took place in Florida. *See, e.g., Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998)*("emphasis placed by a court on [plaintiffs] choice diminishes where the operative facts upon which the litigation is brought bear little material connection to the chosen forum") (internal quotation marks and citation omitted); *Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 990 (E.D.N.Y. 1991)* ("[W]here the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiffs chosen forum, then the plaintiffs choice is not accorded the same great weight and in fact is given reduced significance."). The interests of justice will be equally served by transferring this action to Southern District of Florida.[FN3]

FN3. Moreover, the Southern District Court of Florida can exercise personal jurisdiction over all of the defendants. *See Anglo American Ins. Group, PLC v.*

17

*CalFed, Inc., 916 F. Supp. 1324, 1330 (S.D.N.Y. 1996)* (transferee court - in addition to being a proper venue - must have personal jurisdiction over defendant on the date of commencement of the claim). According to Plaintiffs' Complaint, Defendants are all citizens of the State of Florida, and subject to personal jurisdiction in Florida. Laing and Pugliese are Palm Beach County residents while Defendants LHC and IMT are Florida corporations with their principal place of business being located in Palm Beach County, Florida as well. (See Exhibits "A" & "B").

## VIII. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court: (i) dismiss Plaintiffs' Amended Complaint as to Defendants Pugliese and IMT for lack of personal jurisdiction pursuant to *Fed. R. Civ. P. 12(b)(2)* (ii) dismiss Plaintiffs' Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fourteenth Causes of Action in their Amended Complaint for lack of personal jurisdiction against Defendants Laing and LHC (iii) dismiss Plaintiffs' Fourth, Fifth, Sixth, Eighth, Tenth , Eleventh and Sixteenth Causes of Action in their Amended Complaint for failure to state a claim as to the pursuant to *Fed. R. Civ. P. 12(b)(6)* (iv) dismiss the Amended Complaint in its' entirety as it pertains to Plaintiff 972 Irrevocable Trust, LLC pursuant to *Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6)* (v) dismiss the Plaintiffs' Amended Complaint for improper venue pursuant to *Fed. R. Civ. P. 12(b)(3)* and *28 U.S.C. § 1406(a)* or, alternatively, transfer venue to the United States District Court for the Southern District of Florida pursuant to *28 U.S.C. § 1404(a)*, and grant such other and further relief as the Court may deem just and proper.

Dated June 27, 2008                            s/ Jeffrey M. Glotzer

18

Jeffrey M. Glotzer (Attorney Bar Code # JG2620)
Email: Jeff@jeffglotzerlaw.com
JEFFREY M. GLOTZER, P.A.
6111 Broken Sound Pkwy, NW, Suite 330
Boca Raton, Florida 33487
Telephone :     (561)443-1994
Facsimile:      (561)431-3104
*Attorney for Defendants*

19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**972 IRREVOCABLE TRUST and**
**INTERMED GAS PRODUCTS, LLC,**

        **Plaintiffs**

**v.**

**MICHAEL LAING, ROBERTA PUGLIESE,**
**LAING HOLDINGS CORPORATION and**
**INTERACTIVE MEDICAL TECHNOLGIES, CORP.**
        **Defendants.**

Case No.: 08-CIV-4907 (RPP)
Magistrate Judge: (HP)

ECF CASE

---

<u>**AFFIDAVIT OF ROBERTA PUGLIESE IN SUPPORT OF MOTION TO DISMISS OR,**</u>
<u>**IN THE ALTERNATIVE, TO TRANSFR VENUE**</u>

**STATE OF FLORIDA**      )
                    )
**COUNTY OF PALM BEACH**  )

      BEFORE ME, the undersigned authority, personally appeared Roberta Pugliese, who after

being duly sworn, states:

      1.    My name is Roberta Pugliese, and I am currently President and the sole shareholder

for Interactive Medical Technologies, Corp. ("IMT"), a Defendant in the above captioned matter. I

am also a Defendant, individually, in the above captioned matter. I make this affidavit in support of

Defendants Motion to Dismiss or in the Alternative, Motion to Transfer Venue on behalf of myself

individually and on behalf of IMT.

      2.    I am personally familiar with the facts stated herein, which are true and correct and

based upon my personal knowledge.

      3.    I currently reside in Palm Beach County, Florida and IMT is a Florida Corporation

whose principal place of business is located in Palm Beach County, Florida.

 

4.    I have lived in Florida since 1974 and IMT has been a Florida Corporation since its inception in 2007.

5.    I do not now and have not resided in the State of New York since 1974.

6.    I, nor does IMT regularly, persistently or continuously engage in, conduct, carry on or solicit business within the State of New York. I nor does IMT own, lease, use possess or control any real property in the State of New York, nor does IMT or myself maintain a mailing address or telephone number in the State of New York. I, nor does IMT have a bank account in the State of New York. I, nor does IMT maintain an office or place of business in the State of New York.

7.    I, on behalf of myself or IMT have never traveled to New York to negotiate, discuss, obtain legal advice or engage in any conduct in connection with IMT.

8.    I, on behalf of myself and IMT do not voluntarily consent to jurisdiction in the State of New York.

9.    It is my belief that a significant amount of the relevant witnesses in this action including, but not limited to myself and Michael Laing are located in the State of Florida. However, Michael Laing would have greater knowledge as to the relevant witnesses and where they may reside.

_____
ROBERTA PUGLIESE

Sworn to me this
3rd day of June, 2008



_____
Notary Public

DEBORAH POPE
Notary Public, State of Florida
Commission# DD636929
My comm. expires April 4, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

972 IRREVOCABLE TRUST and
INTERMED GAS PRODUCTS, LLC,

                                                 Case No.:  08-CIV-4907 RPP-HP

                  **Plaintiffs**                 ECF CASE

v.

MICHAEL LAING, ROBERTA PUGLIESE,
LAING HOLDINGS CORPORATION and
INTERACTIVE MEDICAL TECHNOLGIES, CORP.
                  **Defendants.**

---

<u>AFFIDAVIT OF MICHAEL LAING</u>

STATE OF FLORIDA          )
                          )
COUNTY OF PALM BEACH  )

BEFORE ME, the undersigned authority, personally appeared Michael Laing, who after being duly sworn, states:

1.      My name is Michael Laing, and I am currently President and the sole shareholder for Laing Holdings Corporation ("LHC"), a Defendant in the above captioned matter. I am also a Defendant, individually, in the above captioned matter.   LHC is a managing member of Plaintiff, Intermed Gas Products, LLC.

2.      I make this affidavit based on personal knowledge.

4.      I am a resident of the State of Florida and LHC is and always been a Florida corporation with its' principal place of business being located in Palm Beach County Florida.

3.      I was CEO and a shareholder of a Florida corporation named Intermed Gas Products Corporation. ("IGPC"). IGPC was formed in 1998 and the sole shareholders until 2005 were myself and William Murray ("Murray"), who was also a Director of IGPC. The day to day operations for

**EXHIBIT "B"**

IGPC emanated from a warehouse in Pompano Beach, Florida ("the warehouse").

4. Michael Milea, ("Milea") who is currently the managing member of Plaintiff Intermed Gas Products, LLC ("Plaintiff"), either through himself or through an entity that he is a principal of, was a creditor of IGPC prior to forming Plaintiff in 2005 in the State of New York.

5. In 2005, Milea agreed to purchase 25% of the shares of IGPC from myself and Murray in the name of Plaintiff, which Milea was forming for among other things, to purchase said shares.

6. Defendant LHC and a Florida corporation named W. Murray Corporation became members of Plaintiff, along with Martell, LLC, who is its' managing member. The sole shareholder, officer and director of W. Murray Corporation is Murray while Milea is the managing member of Martell, LLC.

7. Through a series of surreptitious actions, Milea essentially changed over the business of IGPC to Plaintiff, while the day to day operations of Plaintiff still stemmed from the warehouse in Florida. In fact, Plaintiff's day to day operations still are run from a warehouse in Pompano Beach, Florida, but not the same physical location as IGPC was utilizing.

8. As to the issues germane to this lawsuit, I believe the following witnesses would provide relevant testimony.

a. William Murray, former shareholder of IPC and principal of managing member of corporation who is a member of Plaintiff. Mr. Murray is a Florida resident.

b. Richard Becker, a CPA who was hired by Mr. Milea in 2006 to perform services for Plaintiff. Mr. Becker is a Florida resident.

c. Richard Drath, a CPA, who will have relevant testimony regarding activity in the New York bank accounts of Plaintiff controlled by Milea. Mr. Drath is a Florida resident.



       d.  Denise Lebrech, a bookkeeper, who performed services for IGCP and Plaintiff. Ms. Drath is Florida resident.

       e.  Ari Tayken, a CPA, who was not retained by Plaintiff as a result of his hire being vetoed by Milea.Mr. Tayken is a Florida resident.

       f.  Roberta Pugliese, a defendant in this case and the principal of Defendant IMT. Ms. Pugliese is a Florida resident.

       g.  Michael Milea, managing member of Martell, LLC, who is managing member of Plaintiff. Upon information and belief, Milea is a resident of New York.

       h.  Robert Rimberg, Esq., an attorney, who is representing Plaintiff in this matter. Mr. Rimberg, upon information and belief is an investor in Plaintiff through a unknown amount of loan(s) made to Plaintiff and is and has been personally privy to the financial condition of Plaintiff. Mr. Rimberg also coordinated other current investors in Plaintiff. In the year 2007, I personally met with Mr. Rimberg and others on at least four or five occasions to review sales projections, gross sales and amount of inventory required to be ordered. These are among the topics Plaintiff alleges I acted improperly in my capacity for Plaintiff. Upon information and belief, Mr. Rimberg is a resident of New York.

       i.  Joe Rubin, Esq, an attorney, who has served as corporate counsel for Plaintiff and whom I have had numerous conversations with regarding same. Upon information and belief, Mr. Rubin is a resident of the New York.

       j.  Myself, a Defendant and principal for Defendant LHC, I have knowledge as to a significant portion of the issues central to this lawsuit. Almost all of the actions I have taken on behalf of Plaintiff has occurred in Florida. I am a resident of Florida.

MICHAEL LAING

Sworn to me this
3rd day of June, 2008

Notary Public



DEBORAH POPE
Notary Public, State of Florida
Commission# DD536928
My comm. expires April 4, 2010