Robert L. Rimberg, Esq. (RLR2453)
Joel S. Schneck, Esq. (JSS7019)
GOLDBERG & RIMBERG, PLLC
115 Broadway – 3rd Floor
New York, New York 10006
Phone: (212)697-3250
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
972 IRREVOCABLE TRUST and
INTERMED GAS PRODUCTS, LLC.          Docket No.  1:08-cv-04907-RPP

              Plaintiffs,

   -against-

MICHAEL LAING, ROBERTA A.
PUGLIESE, LAING HOLDINGS
CORPORATION and INTERACTIVE
MEDICAL TECHNOLOGIES, CORP.,

              Defendants.
--------------------------------------------------------X

MEMORANDUM OF LAW IN OPPOSITION OF
DEFENDANTS MOTION TO DISQUALIFY ROBERT L. RIMBERG, ESQ. AND
GOLDBERG & RIMBERG, PLLC AS COUNSEL FOR PLAINTIFFS

## TABLE OF AUTHORITIES

**Cases**

Artek Sys. Corp., 715 F.2d 788 (2d Cir. 1983) .................................................................... 4
Cabble v. Rollieson, 2006 WL 464078 (S.D.N.Y. 2006) ..................................................... 4
Clark v. Bank of New York, 801 F.Supp. 1182 (S.D.N.Y. 1992) ........................................ 4
Cresswell v. Sullivan & Cromwell, 922 F.2d 60 (2d Cir. 1990) ......................................... 3
Ello v. Singh, 2006 WL 2270871 (S.D.N.Y. 2006) ............................................................. 4
First Hawaiian Bank v. Russell & Volkening, 861 F.Supp 233 (S.D.N.Y. 1994) ............... 4
Forrest v. Par Pharm., Inc., 46 F.Supp.2d 244 (S.D.N.Y. 1999) ......................................... 4
Gleason v. Zocco, 941 F.Supp 32 (S.D.N.Y. 1996) ............................................................. 5
Gov't of India v. Cook Indus., Inc., 569 F.2d 737 (2d Cir. 1978) ....................................... 4
Hakimian Management Corp. v. Richard C. Fiore, Inc, 16 Misc.3d 1108(a) (N.Y. Sup.Ct. N.Y. Co. 2007) ........................................................................................................................ 6
Hempstead Video, Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127 (2d Cir. 2005) .. 3
Herr v. Union Local 306, 943 F.Supp. 292 (S.D.N.Y. 1996) .............................................. 4
O'Donnel, Fox & Gartner, P.C. v. R-2000 Corp., 198 A.D.2d 154, 604 N.Y.S.2d 67 (1st Dept. 1993) ................................................................................................................................ 4
S&S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp., 69 N.Y.2d 437, 508 N.E.2d 647 (1987) 4
Sea Tow Intern., Inc. v. Pontin, 2007 WL 4180697 (E.D.N.Y. 2007) ................................. 4
Shabbir v. Pakistan Int'l Airlines, 443 F.Supp.2d 299 (E.D.N.Y. 2005) ............................. 4
Wensley and Partners, LLC v. Polimeni, 262 A.D.2d 311, 692 N.Y.S.2d 85 (2nd Dept 1999) ...... 6

## PRELIMINARY STATEMENT

Plaintiffs 972 Irrevocable Trust and Intermed Gas Products, LLC ("Intermed") (collectively referred to as the "Plaintiffs") submit this Memorandum of Law in opposition of Defendants' Motion to Disqualify Robert L. Rimberg, Esq. ("Rimberg") and Goldberg & Rimberg, PLLC (the "Firm") as Counsel for Plaintiffs. Defendants seek to have Rimberg and the Firm disqualified as Plaintiffs' counsel. Defendants claim that Rimberg "ought" to be a witness in this case because of a personal relationship as an "investor" of Intermed, has met with Defendant Michael Laing ("Laing") "at least four or five times" and "was privy to many of the issues central to" allegations that Laing and/or LHC overstated sales projections and purchased too much inventory, making it "obvious that he will be called as a witness in this case." Defendants further claim that because Rimberg's relationship to Intermed, the Firm must be disqualified as well.

## ARGUMENT

### Robert L. Rimberg, Esq. and Goldberg & Rimberg, PLLC
### Should Not Be Disqualified As Counsel Because of the Adverse-Witness Rule

Even though courts will typically look to the American Bar Association and state disciplinary rules when rendering a decision on a disqualification motion, a decision of whether to disqualify counsel is left to the sound discretion of the district court. Hempstead Video, Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127 (2d Cir. 2005) ( "our decisions on disqualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules… not every violation of a disciplinary rule will necessarily lead to disqualification"); Cresswell v. Sullivan & Cromwell, 922 F.2d 60 (2d Cir. 1990) ("The disqualification of an attorney in order to forestall violation of ethical principles is a matter

3

committed to the sound discretion of the district court"). A party seeking disqualification bears the burden of proving that the drastic remedy of an attorney's disqualification is warranted. O'Donnel, Fox & Gartner, P.C. v. R-2000 Corp., 198 A.D.2d 154, 604 N.Y.S.2d 67 (1st Dept. 1993). A movant must meet a high standard of proof to disqualify a non-moving party's counsel because such motions are often "tactically motivated, cause delay and additional expense, and disrupt attorney-client relationships." Ello v. Singh, 2006 WL 2270871 (S.D.N.Y. 2006); see also, Artek Sys. Corp., 715 F.2d 788 (2d Cir. 1983); Gov't of India v. Cook Indus., Inc., 569 F.2d 737 (2d Cir. 1978); First Hawaiian Bank v. Russell & Volkening, 861 F.Supp 233 (S.D.N.Y. 1994); Clark v. Bank of New York, 801 F.Supp. 1182 (S.D.N.Y. 1992); Shabbir v. Pakistan Int'l Airlines, 443 F.Supp.2d 299 (E.D.N.Y. 2005). Defendants fall far short of meeting the standard for finding that counsel must be disqualified.

New York's Disciplinary Rule 5-102 ("DR 5-102" and commonly referred to as the "advocate-witness rule") is applicable in situations in which a lawyer may be called as a witness over the course of a litigation. DR 5-102(B) bars an attorney from acting as counsel when it is obvious or the lawyer knows that that he or she ought to be called as a witness on behalf of the client on a significant issue of fact. The Courts in New York continuously hold that a lawyer must only withdraw if his testimony will be necessary. See, e.g., Herr v. Union Local 306, 943 F.Supp. 292 (S.D.N.Y. 1996); Sea Tow Intern., Inc. v. Pontin, 2007 WL 4180697 (E.D.N.Y. 2007); S&S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp., 69 N.Y.2d 437, 508 N.E.2d 647 (1987). A lawyer's testimony is necessary "only if there are no other witnesses to the circumstances at issue." Cabble v. Rollieson, 2006 WL 464078 (S.D.N.Y. 2006) (citations omitted). In Forrest v. Par Pharm., Inc., 46 F.Supp.2d 244 (S.D.N.Y. 1999), the Court notes that "[t]estimony may be relevant and even highly useful but not strictly necessary."

I. <u>Rimberg's Testimony is Not Necessary</u>

Nowhere in Defendants' motion do they claim that Rimberg's testimony will be necessary. The gravamen of the Defendants' factual basis for disqualifying Rimberg is that he has loaned money to Intermed, has met with Laing "at least four or five times," and "was privy to many of the issues central to" allegations that Laing and/or LHC overstated sales projections and purchased too much inventory, making it "obvious that he will be called as a witness in this case."

Over the course of his relationship with Intermed, and as is further illustrated in the Declaration of Robert L. Rimberg, Esq., Rimberg has met with Laing only when there have been other people present. Rimberg's short relationship with Laing does not provide him with enough firsthand information to make him a necessary witness. Defendant attempts to argue that Rimberg has extensive personal involvement in the underlying controversies without providing details of any such personal involvement. Defendants' conclusory allegations against Rimberg are insufficient to disqualify him as counsel as they do not prove that his testimony as a witness will be necessary.

Defendants refer the Court to <u>Gleason v. Zocco</u>, 941 F.Supp 32 (S.D.N.Y. 1996) as a case where an attorney had "similar involvement to that of Rimberg's." This assertion is patently false. In <u>Gleason</u>, the attorney referenced by the Defendants in this case had been a probation officer prior to attending law school. While a probation officer, the attorney, Mathison, served as president of the Dutchess County unit of the Civil Service Employees Association while the Plaintiff in that case, Gleason, served as treasurer. Defendant Zocco spearheaded a campaign to replace Mathison and Gleason with her own slate. Zocco's slate was victorious and was elected

5

president while Mathison and Gleason were replaced.  Mathison filed a separate libel suit and simultaneously represented Gleason in the Gleason case.   The Gleason complaint made reference to Mathison as an "aggrieved union member," "political adversary" and "past president."  The Court ruled in Gleason that Mathison must be disqualified because he is a necessary witness and clearly had unique personal interests that "presents an endless parade of likely conflicts of interest compelling disqualification."

This case is not comparable to Gleason on any level.  Rimberg has never served as an officer of Intermed, does not have any related personal law suits and is not referenced in the Complaint.  Rimberg's personal involvement with Intermed is extremely limited.  Likewise, Defendants refer the Court to Hakimian Management Corp. v. Richard C. Fiore, Inc, 16 Misc.3d 1108(a) (N.Y. Sup.Ct. N.Y. Co. 2007).  Defendants' own parenthetical says, however, that the counsel "ought" to be called as witness where "he is the most knowledgeable individual concerning the [underlying transaction] despite the fact that other persons… are also knowledgeable about this matter."  Defendants never allege that Rimberg is the most knowledgeable about any of the underlying matters, nor does Rimberg's limited relationship with Intermed justify such an assertion.

Wensley and Partners, LLC v. Polimeni, 262 A.D.2d 311, 692 N.Y.S.2d 85 (2nd Dept 1999)("Wensley"), cited by Defendants, involves the disqualification of a law firm that represented the Wensley Plaintiff in a bankruptcy reorganization and refinancing and then in suing the Defendants for a breach of their fiduciary duty relating to the refinancing.  To rebut such allegations, the Defendants in Wensley required calling a partner in the law firm as a witness to discuss the extensive negotiations that occurred, which may be prejudicial to the

Plaintiffs in that case. The case at bar is not analogous to Winsley as Defendants do not need to use Rimberg's testimony, much less in a way prejudicial to Plaintiffs.

    II. Goldberg & Rimberg, PLLC Should Not Be Disqualified

Defendants argue that because Rimberg may testify in a manner prejudicial to Plaintiffs the Firm should be disqualified pursuant to DR 5-102(B). Defendants do not introduce any reasons Plaintiffs may be prejudiced that were not previously mentioned. As Rimberg's testimony as a witness is not necessary, Defendants have not demonstrated grounds for disqualification of the Firm.

**Rimberg and/or Goldberg & Rimberg, PLLC Should Not Be Disqualified Under DR 5-101**

Defendants look to Disciplinary Rule 5-101 as a last attempt to disqualify Rimberg and the Firm. Defendant fails to cite the beginning of DR 5-101, "Except with the consent of the client after full disclosure." Additionally, Defendant fails to state the interests of the Plaintiffs that "may not be wholly aligned" with Rimberg and/or the Firm. Again, Defendants' conclusory statements do not indicate any reason why Rimberg and/or the Firm should be disqualified as counsel. If Rimberg is in fact an "investor" in Intermed as the Defendants contend, his "financial, business, property, or personal interest" will be in line with those of Intermed as both Rimberg and Intermed would want success in the instant litigation. Defendants contention is baseless.

## CONCLUSION

**ROBERT L. RIMBERG, ESQ. AND/OR GOLDBERG & RIMBERG, PLLC SHOULD NOT BE DISQUALIFIED FROM REPRESENTING PLAINTIFFS.**

Dated: New York, New York
       June 24, 2008

                                GOLDBERG & RIMBERG, PLLC

                                By: /S
                                Joel S. Schneck (JSS7019)
                                Robert L. Rimberg (RLR2453)
                                Attorneys for Plaintiffs
                                115 Broadway, 3rd Floor
                                New York, New York 10006
                                (212) 697-3250