UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| 972 IRREVOCABLE TRUST and<br>INTERMED GAS PRODUCTS, LLC, | Case No.: 08-CIV-04907 RPP-HP |
| Plaintiffs | ECF CASE |
| v. | |
| MICHAEL LAING, ROBERTA PUGLIESE,<br>LAING HOLDINGS CORPORATION and<br>INTERACTIVE MEDICAL TECHNOLGIES, CORP.<br>Defendants. | |

---

### REPLY AFFIDAVIT OF MICHAEL LAING TO DECLARATION ROBERT L. RIMBERG, ESQ. DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY ROBERT L. RIMBERG, ESQ. AND GOLDBERG & RIMBERG, PLLC AS COUNSEL FOR PLAINTIFFS

STATE OF FLORIDA    )
                    )
COUNTY OF PALM BEACH )

BEFORE ME, the undersigned authority, personally appeared Michael Laing, who after being duly sworn, states:

1. My name is Michael Laing, and I am currently President and the sole shareholder for Laing Holdings Corporation ("LHC"), a Defendant in the above captioned matter. I am also a Defendant, individually, in the above captioned matter. LHC is a managing member of Plaintiff, Intermed Gas Products, LLC.

2. I make this affidavit based on personal knowledge.

3. In Plaintiffs' Amended Complaint, they allege that myself and/or LHC mismanaged Intermed Gas Products, LLC. (See Plaintiffs' Amended Complaint, paragraphs 59 through 74)

4. In Plaintiffs' Amended Complaint, they allege that myself and/or LHC either converted funds of Intermed Gas Products or that the funds were missing with myself and/or LHC being responsible for same. (See Plaintiffs' Amended Complaint, paragraphs 49 through 58)

5. The inference drawn from the allegations referenced in the previous two paragraphs is

that myself and/or LLC solely had access to funds and authority to operate Intermed Gas Products, LLC.

6. The inference Plaintiffs' attempt to draw from the allegations referenced in paragraphs 3 and 4 above could not be any further from the truth.

7. The vast majority of the finances were controlled by Michael Milea in New York and many of the business decisions of Intermed Gas Products, LLC were controlled by Mr. Milea.

8. Mr. Rimberg claims in his Declaration in Opposition that there were other witnesses that could testify to the substance of the meetings that transpired between us.

9. However, as Mr. Rimberg acknowledges in his Declaration in Opposition, he is investor in Intermed Gas Products, LLC. (Rimberg Declaration in Opposition, paragraph 4)

10. Accordingly, Mr. Rimberg would be a necessary witness at trial as to the manner in which he has invested his money in addition to whom he made the investment with. I, for one, have never seen any money nor have any knowledge as to how much Mr. Rimberg has invested, the form of the investment and to whom he has made the investment with. Upon information and belief, Mr. Rimberg has also been in involved in efforts to bring other investors to Intermed Gas Products, LLC.

11. Based upon the above facts, Mr. Rimberg would clearly be a necessary witness as to those issues in addition to the meetings he refers to in his Declaration in Opposition. Only Mr. Rimberg can testify as to his recollection and/or interpretation of the substance of the conversations that were held between myself, Mr. Rimberg and others.

MICHAEL LAING

Sworn to me this
7th day of July, 2008.

Notary Public  Valentina Zivillica

VALENTINA ZIVILLICA
Notary Public, State of Florida
Commission# DD785115
My comm. expires Mar. 4, 2012

State of Florida
County of Palm Beach